**Andrew Alan MEAD, Jr., by His Next Friend, Mrs. Andrew Alan Mead, and Andrew Alan Mead, Sr., Appellants,**

v.

**Kenneth Leo GRASS, Respondent.**

No. 54895.

Supreme Court of Missouri, Division No. 2.

Jan. 11, 1971.

———◆———

Davis & Hannegan, Ervin D. Davis, St. Charles, for appellants.

Dearing, Richeson, Roberts & Wegmann, J. Richard Roberts, Hillsboro, for respondent.

BARRETT, Commissioner.

On August 22, 1965, Andrew Alan Mead, Jr., then age 17, riding a 1965 Harley Davidson motorcycle, was involved in a collision with a 1965 Pontiac automobile driven by Kenneth Leo Grass. As a result of that collision Alan instituted this action against Grass to recover $30,000.00 for his personal injuries and in a second count his father and mother sought to recover $10,000.00 for loss of services, earnings and medical expense. The paragraph of Alan's petition alleging his injuries was the typical long, wholesale charge of

numerous injuries to all parts of the body: *"back, spine,* neck, *head,* scalp, face, eyes, ears, teeth, mouth, brain, shoulders, *bones, joints, vertebrae, muscles, tendons,* tissues, nerves, membrances, *ligaments,* cartilage, *all intervertebral discs,* organs, vessels, skin and parts thereof." (Emphasis supplied for the purposes of the points briefed and argued.) When the cause was tried three years and eight months later and Alan was then age 20, a jury returned a verdict in favor of the defendant Grass on both counts.

Upon this appeal Alan and his father claim that the trial court erred in overruling their motion for a new trial and that this court should reverse the trial court's order and judgment and grant them a new trial. The two grounds briefed and argued are, one, that the court erred in admitting in evidence that part of Alan's hospital record "He has had a couple of previous motorcycle type accidents which were not serious" and, two, that the court erred in permitting defendant's counsel to argue that plaintiff had failed to produce his four treating physicians. In view of the disposition to be made of the appeal it is not necessary to detail the circumstances of the motorcycle-automobile collision or to describe in detail Alan's injuries. As to the latter it is sufficient to say that the plaintiffs relied on the hospital record, particularly the statements in that record by the doctors which showed the fracture of four ribs, complaints of "pain in the upper back," multiple facial abrasions and "depressed fracture of the right maxilla zygomatic complex" and by another doctor "a lienear fracture through the ramus of the mandible on the left." Thus it is undisputed that Alan did sustain numerous injuries as a result of the collision. After plaintiffs' counsel read long sections of the hospital record defendant's counsel read these two statements from the hospital "admission notes": "He has an old fracture of the first transverse process of the first lumbar vertebra, left transverse process. * * * Past history is unremarkable except for a broken collarbone. No previous surgery. He has had a couple of previous motorcycle type accidents which were not serious." As to the argument of counsel plaintiffs excerpt from the defendant's argument: "And, if you will recall, I specifically asked him the names of the doctors that treated him, and he gave the names of three doctors in St. Louis and one up the road in St. Genevieve. These four doctors know about his physical condition. Not one of those four doctors testified here today. * * * Ladies and gentlemen, we come back to that unique situation of four doctors who could shed some light on what this boy's medical condition is, but the fact is none of them are here to help you."

It is not necessary to consider whether the hospital record met the requirements of the Uniform Business Records as Evidence Law (RSMo 1969, §§ 490.660–490.700, V.A.M.S.), or whether these records and the evidence involves a waiver of the doctor-patient privilege (RSMo 1969, § 491.-060(5), V.A.M.S.; State ex rel. McNutt v. Keet, Mo., 432 S.W.2d 597) or whether in any event for any purpose the complained of evidence was admissible. Neither is it necessary to consider whether the doctors were equally available witnesses. As stated, the jury returned a verdict for the defendant, injuries and losses were conceded and it was not possible for the jury to find or return a verdict for defendant based on no injuries or damages—the jury plainly found against plaintiffs on the essential and prerequisite issue of liability. With a case and record in this posture "where evidence or argument is before the jury clearly bearing only upon the issue of the extent of plaintiff's damages, and the jury's verdict demonstrates that the jury has failed to reach that issue, plaintiff is not prejudiced thereby." Boedeker v. Wright, Mo., 312 S.W.2d 829, 833. Assuming that the quoted portions of the hospital record were improperly admitted and that there is an element of discretion in the court's ruling on the motion for a new trial (a point appellants overlook) the basic

difficulty is that all of appellants' claims of error relate only to the issue of damages, not liability, and the evidence was not so manifestly prejudicial as to infringe plaintiffs' right to a fair trial and demand the granting of a new trial by this court. Merritt v. Mantony, Mo., 353 S.W.2d 768; Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587, 592–593. In Olsten v. Susman, Mo., 362 S.W.2d 612, defendant's counsel said: "It is very strange to me that the only forgotten man in this case is Dr. Kessler. Where was Dr. Kessler? If you will recall, Doctor Kessler is the doctor Mrs. Olsten was going to on the day this accident occurred. He wasn't here to testify." In conclusion, on the plaintiff's claim of error as to this argument, the court said, "The jury found for defendant on the issue of liability and never reached the issue of damages. There was no prejudicial error calling for a reversal of the judgment entered on the verdict." (362 S.W.2d l. c. 615.) Accordingly, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.