**BULLOCK COMPANY, INC., a corporation, Respondent,**

v.

**Conover E. ALLEN and Virginia F. Allen, his wife, Appellants.**

**No. 34723.**

Missouri Court of Appeals, St. Louis District, Division One.

March 20, 1973.

Darryl L. Hicks, Warrenton, for respondent.

McQuie & Deiter, Montgomery City, for appellants.

CLEMENS, Judge.

Plaintiff-contractor sued defendants for the $2,733 contract price for building a prefabricated garage at their home in Montgomery County. The jury awarded plaintiff that amount and the court impressed a mechanic's lien on one acre of defendants' realty. Judgment followed and defendants appeal.

Although the parties locked horns on several issues—most of them preserved on this appeal—the principal issue tried was whether plaintiff built the garage in a workmanlike manner.

Defendants selected one of plaintiff's display garages from its lot in St. Louis County and plaintiff's manager went with them to their home near Warrenton. They staked out the building site, returned to St. Louis County and plaintiff's agent filled out a printed contract form. In the blank space calling for defendants' address the agent wrote "8832 Natural Bridge," defendants' business address in St. Louis County. Following this on the form were printed words stating plaintiff agreed to build the garage "at the above address." The parties then signed the contract.

One of the contract provisions stated: "Due to the expansion and contraction of concrete, we do not guarantee concrete from cracking or developing hairline cracks." Plaintiff laid a concrete foundation and built the garage. Many cracks opened up in the concrete floor and de-

fendants objected to several other construction defects. Plaintiff's manager testified all these defects were corrected except the concrete cracks. Defendants denied this but presented no evidence on the cost of correcting the claimed defects. Plaintiff demanded payment but defendants have paid nothing.

■ Defendants contend plaintiff has not shown compliance with the written contract because it called for construction at defendants' St. Louis County business address. It was and is agreed by the parties that by their original agreement they intended the garage to be built on defendants' land in Warren County, not in St. Louis County. Their words and conduct demonstrated that intent so they are deemed in law to have reformed the written contract to comply with their mutual intent. Restatement of Law of Contracts, §§ 504 and 507. The contract must be read in accord with the parties' intent in spite of a clerical error which would refute that intent. Restatement of Law of Contracts, §§ 235(d) and 236(b). Even though the incorrect integration of the oral agreement into the written contract might have made the written contract voidable, after knowingly receiving the benefits of plaintiff's labor defendants will not be heard to claim they have elected to rely on the erroneously drafted agreement. St. Louis Public Service Company v. City of St. Louis, 302 S.W.2d 875 [1] (Mo.1957). We rule this point against defendants.

■ The parties' contract provided that if the defendants defaulted in payment they would pay plaintiff a reasonable attorney's fee. When evidence from both sides was in, the court let plaintiff reopen its case for testimony on the amount of the fee over defendants' objection. Defendants say this was prejudicial error. This evidence was properly a part of plaintiff's case in chief but the admission of evidence out of order rests almost entirely with the trial court. Marquardt v. Kansas City Railway Co., 358 S.W.2d 49 [11, 12] (Mo.

1962). Plaintiffs contend the timing of this evidence, coming in last, unduly emphasized it. The effect of this is negated by the fact the jury awarded plaintiff only the contract price and allowed plaintiff nothing for an attorney's fee. We find no prejudice.

■ The written contract called for payment "upon completion." Defendants contend there was no completion because of defects, mainly the cracks in the concrete floor. The court gave a verdict-directing instruction calling for a plaintiff's verdict if the jury believed plaintiff had "substantially performed" its agreement. A building is complete and the builder may recover the contract price, less sums necessary to correct defects, when the builder's performance is substantially in compliance with the contract. Southwest Engineering Company v. Reorganized School District R–9, 434 S.W.2d 743 [19], (Mo.App.1968). Substantial compliance then constitutes completion as a matter of law and so the instruction was correct. We find no error in this submission and in view of plaintiff's non-liability for defects in concrete we hold the instruction was supported by the plaintiff's evidence.

■ Defendants complain of the court's refusal to give their converse Instruction A. Beside generally submitting plaintiff's failure to build the garage in a workmanlike manner, Instruction A also submitted plaintiff's failure on three separately described defective parts of the garage of which they had complained. Instruction A violated the mandate of Rule 70.01(a) and (e), V.A.M.R., that instructions "shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Submission of evidentiary facts is erroneous even when they are uncontroverted. Brittain v. Clark, 462 S.W.2d 153 [3], (Mo.App.1970). The court did give defendants' short converse instruction negating plaintiff's submission of substantial performance. This was proper and all

**8**

defendants were entitled to. The court properly refused Instruction A.

 By its verdict the jury awarded plaintiff the $2,723 contract price but assessed both interest and attorney fees as "none." Defendants contend plaintiff's measure-of-damage instruction and the verdict form used by the jury were inconsistent—this because the damage instruction, in accord with the terms of the parties' contract, made allowance of interest and attorney fees mandatory while the verdict form left the allowance of those items discretionary with the jury. Thus, it is defendant's complaint that the verdict form —not the damage instruction—was wrong. We hold defendants have waived the defect. In chambers the court asked counsel if it was agreeable to give only the first paragraph of MAI 36.01 and "only submit to the jury for their use the two verdict forms that have been prepared and are now before us? Mr. McQuie?" Mr. McQuie answered: "It is agreeable." We hold defendants thereby waived any objection to the verdict form. Keyte v. Parrish, 399 S.W.2d 601 [8], (Mo.App.1966). Defendants stress the case of Polen v. Kansas City Chip Steak Co., 404 S.W.2d 416, (Mo.App.1966), holding that where the only issue is the existence of a contract plaintiff should recover the alleged contract price or nothing. The determinative issue here was not the existence of a contract but its performance so the case is not in point.

 The court gave plaintiff a mechanic's lien on one acre of defendants' 15.37-acre tract as provided by § 429.080, RSMo 1969. The one-acre tract was described by metes and bounds from "the southwest corner of the garage located on [the 15.37-acre tract]." Defendants say this was vague since there was no evidence this was the only garage on defendants' land. Absent evidence about any other garage we believe reference to *the* garage is "definite enough, so as to enable one familiar with the locality to identify the premises intend-

ed to be covered by the lien . . ." Hertel Electric Co., Inc., v. Gabriel, 292 S.W.2d 95 (Mo.App.1956).

Finding no error the judgment is affirmed.

DOWD, C. J., and WEIER and Mc-MILLIAN, JJ., concur.