**Ronald JENSEN and Nancy Jensen, Plaintiffs-Appellants,**

**v.**

**Paul E. WALKER, Defendant-Respondent.**

**No. 9349.**

Missouri Court of Appeals, Springfield District.

May 31, 1973.

Donald E. Bonacker, Springfield, for plaintiffs-appellants.

David W. Bernhardt, Bussell, Hough, Greene & Bernhardt, Springfield, for defendant-respondent.

ROBERT LEE CAMPBELL, Special Judge.

Plaintiffs-appellants, husband and wife, filed a negligence action in three counts against defendant-respondent for alleged damages resulting from an automobile collision. For clarity, the parties hereinafter will be referred to throughout as husband, wife and defendant. This designation and distinction is of vital importance in this decision. Count I was for wife's personal injuries; Count II was for husband's loss of consortium; Count III was for husband's property damage to his automobile. On the first trial, a verdict was rendered in favor of defendant on all three counts. Husband and wife filed a motion for new trial, and the trial court granted husband a new trial on Count III, only, but overruled the motion for new trial of wife and husband as to Counts I and II, respectively. The new trial on Count III by husband again resulted in a verdict for defendant. No appeal was perfected from this judgment, but at this juncture an appeal was properly taken by wife and husband with respect to the original trial of Counts I and II.

Wife's and husband's claims for damages arose out of a collision on August 5, 1969, on North Scenic Street in Springfield, Missouri, involving defendant's automobile and husband's automobile in which wife was a passenger. Defendant was proceeding south on Scenic Street and husband's automobile, with wife therein, was proceeding north on Scenic. Husband made a left turn into Hall's Market in front of defendant's approaching automobile, and husband's automobile was struck at the right rear door by defendant's automobile. Scenic is a two-lane street, each lane being approximately 10 feet wide. The collision occurred at approximately noon, and husband and defendant had clear visibility of each other for "over 2000 feet anyhow."

■ On the original trial of all three counts, the trial court gave at the request of defendant Instruction Nos. 6 and 7 submitting to the jury husband's failure to yield the right-of-way as pleaded in defendant's answer alleging contributory negligence on the part of husband. No instruction defining right-of-way was given or offered by defendant in derogation of Missouri Approved Jury Instructions. The trial court correctly granted husband a new trial on Count III, only, by reason of this error, which resulted in a verdict for defendant as aforesaid. Again, no appeal was taken by husband from such judgment.

Husband and wife thereafter duly perfected their appeal to this court from the judgment rendered against them on Counts I and II and raised four points on appeal. These four points will be disposed of in this opinion, but not necessarily in the order raised. Further facts will be set forth in this opinion as necessary with respect to each point on appeal.

The attorneys for both parties should be highly complimented by this court for the concise and excellent briefs submitted, consisting of extremely thorough arguments with respect to the issues involved in a total of 35 pages for both briefs.

■ Wife and husband first alleged that the court erred in refusing to permit husband to testify as to recent complaints of present back pain by wife within the last thirty days prior to trial. Inasmuch as the jury ruled against wife and husband on the issue of liability, the jury did not reach the issue of damages, and wife and husband are not prejudiced by the trial court's ruling. Mead v. Grass, 461 S.W.2d 708 (Mo. 1971).

Wife and husband also complained that the trial court erred in failing to permit their attorney to rehabilitate Officer Oren M. Cisco of the Springfield Police Department to the effect that Officer Cisco left the scene immediately to give a breathalyzer test to defendant which showed a result of .15%, for the reason that the failure to present such evidence on redirect testimony of the officer for purposes of rehabilitation would explain to the jury the reason for the officer's failure to make a more detailed investigation of the accident scene, which would include detailed measurements of the skid marks allegedly laid down by defendant's automobile at the scene of the collision. In support thereof, husband and wife cite Biener v. St. Louis Public Service Co., 160 S.W.2d 780 (Mo. App.1942). This court is of the opinion that the transcript of testimony at the trial supports the ruling of the trial judge in this respect.

Defendant admitted that he entered a plea of guilty to a charge of driving while intoxicated on the occasion in question. He started drinking at 8:30 a. m. by drinking a bottle of five percent beer. He thereafter bought and consumed one pint of white Muscatel wine prior to the collision. He further admitted at trial that prior to the collision at noon he bought another one pint of white Muscatel wine and drank approximately one-third of the bottle prior to the collision in question.

■■ The Biener case merely held that the admission of evidence was within the discretion of the trial court. We find no abuse of discretion in refusing to admit the proffered testimony. Husband and wife could have offered such evidence on direct testimony of Officer Cisco. The trial court also has discretion as to whether or not to allow evidence in rebuttal which might have been offered in the case in chief. Cento v. Security Bldg. Co., 99 S. W.2d 1, 5 [2] (Mo.1936), concisely sets forth the law of Missouri in this respect as follows: "The admission of evidence in rebuttal, which more properly belonged to the case in chief, is largely within the discretion of the trial court." We find no error in the ruling of the trial judge.

Wife's and husband's Point IV on appeal alleges error in failing to define right-of-way in the instructions. As heretofore set forth, the trial court correctly granted husband a new trial on Count III of the petition for this error. Wife and husband still complain that it was error to fail to define right-of-way in the first trial and that such error requires reversal of the judgment entered against them on Counts I and II of their petition. Wife and husband especially complain that such error was prejudicial in view of the argument of defendant's counsel hereinafter discussed.

■ No defense as to failure to yield right-of-way was submited against wife on Count I of the petition. The jury ruled against wife on the issue of liability without any instruction in connection therewith pertaining to failure to yield the right-of-way. Furthermore, the instructions were clearly explained to the jury by wife's and husband's counsel during closing argument as follows: "Now, they will talk to you about contributory negligence. In instructions six and seven you will find a defense for contributory negligence, which is the burden of the defendant. You will find—

but that is no defense against Nancy, that is only a defense on Count II and Count III, and if you will read the instructions you will find that that is true. Read instructions numbered six and seven and you will find that what I say is true." The error with respect to failure to define right-of-way affected only husband's claims and was not prejudicially erroneous as to wife. The judgment rendered against wife was therefore clearly correct.

■ Husband's claim on Count II was a derivative claim, totally dependent upon recovery by wife on Count I. Any error with respect to Count II of husband was cured by the verdict of the jury against wife on Count I. Elmore v. Illinois Terminal Railroad Company, 301 S.W.2d 44, 47 [8] (Mo.App.1957).

■■ Wife's and husband's final point on appeal is that the court erred in permitting defendant's counsel to argue that he believed Karen Swanson left some of the 81 feet of skid marks leading to defendant's car at the scene. Karen Swanson was an independent witness for defendant. She was following defendant's vehicle approximately two car lengths behind same immediately prior to the collision. When defendant applied his brakes and his brake lights came on, Karen Swanson immediately applied her brakes and stopped within "a few feet" of the rear of defendant's vehicle. Her testimony was that she was following directly behind the defendant's car, at the same speed, in line with his car, and that "there's not much room to weave there." During final argument defendant's attorney argued, "He [referring to defendant] left skid marks. I don't think he left all those, I think we think Karen left some of those skid marks out there." Plaintiff's attorney objected that there was no evidence to support the argument, and the judge stated, "The jury will have to understand this is purely argument. The jury will have to determine what the evidence is in the case." Trial courts have wide latitude with respect to closing arguments of counsel. Norfolk and Western Railway Company v. Greening, 458 S.W.2d 268, 273 [9] (Mo.1970). The trial court was correct in its ruling.

Finding no error, we affirm the judgment in favor of defendant and against wife and husband.

TITUS, C. J., HOGAN and BILLINGS, JJ., and PAUL E. CARVER, Special Judge, concur.

STONE, J., not sitting.