**Eloise GARDNER, Plaintiff-Appellant,**

v.

**Deborah McGEE, Defendant-Respondent.**

No. 35158.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 29, 1974.

Mogab, Hughes & Green, Inc., Frank B. Green, St. Louis, for plaintiff-appellant.

Goldenhersh & Newman, Leo M. Newman, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by plaintiff, Eloise Gardner, from a judgment of the Circuit Court of the City of St. Louis entered in favor of defendant, Deborah McGee.

The controversy arose out of a rear end automobile collision which occurred in the right eastbound traffic lane on Natural Bridge Avenue at its intersection with Fair Avenue. Plaintiff claims that the collision occurred after she had come to a stop in order to make a right turn on a red light. Defendant claimed that after plaintiff had stopped, plaintiff put her car into reverse and backed up two feet into collision with her car.

As a result of the collision, plaintiff complained of the usual sprains and strains to her head, neck, shoulders, back, and legs. She also plead and put on some evidence of a ruptured disc. However, the

court gave a withdrawal instruction on the issue of a ruptured disc, stating, " . . . it is the Court's opinion that this (ruptured disc) has not been proven as the result of this accident. . ."

Plaintiff claims that the court committed error in giving the withdrawal instruction because the instruction usurped the function of the jury; and misled the jury by effectively withdrawing evidence on matters, such as the question of aggravation, still properly before the jury.[1] Scanlon v. Kansas City, 325 Mo. 125, 28 S.W.2d 84 (1930); Orloff v. Fondaw, 315 S.W.2d 430 (Mo.App.1958) and Conner v. Aalco Moving & Storage Co., 218 S.W.2d 830 (Mo. App.1949).

While we perceived some merit in plaintiff's contention, a resolution of the question is unnecessary for a decision in this case. Although this was a rear end collision, the issue of liability was hotly contested as to whether or not plaintiff did or did not back up her automobile at the time of the accident. From the jury's finding, which we must accept, they believed defendant's version, and, accordingly, returned a verdict for defendant on the issue of liability, and thus did not reach the issue of damages. In the case of Jensen v. Walker, 496 S.W.2d 317 (Mo.App.1973), a husband and wife sued defendant for damages as a result of an automobile collision in three counts: Count I, wife's personal injuries; Count II, husband's loss of consortium; and Count III, husband's property damages for his automobile, and the jury returned a verdict for the defendant. Both husband and wife claimed error because of the court's refusal to permit the husband to testify as to recent complaints

of present back pains by his wife. The court held that inasmuch as the jury found against both parties on the issue of liability, the jury did not reach the issue of damages; therefore, neither was prejudiced by the court's ruling. Mead v. Grass, 461 S. W.2d 708 (Mo.1971). Similarly, in Bullock Company, Inc. v. Allen, 493 S.W.2d 5 (Mo.App.1973) plaintiff sued to recover the contract price for building a garage, and also sought attorney's fee. The jury verdict ignored the attorney's fee and granted only a recovery of the contract price for the building of the garage. Defendant's claim of error was predicated upon the court permitting plaintiff to reopen his case to put into evidence testimony on the amount of attorney's fee. The court found no prejudice since the jury awarded plaintiff only the contract price for the garage and allowed nothing for attorney's fee. Consequently, because the claimed error in this case related to damages only, we hold that the withdrawal instruction was harmless, and not prejudicial inasmuch as the jury found against plaintiff on the issue of liability. See also Robinson v. Richardson, 484 S.W.2d 27 (Mo. App.1972), a wrongful death case, where the jury verdict was for the defendant. There the court had submitted a withdrawal instruction pertaining to funeral expenses at defendant's request. We held that although the court did not commit error in giving the instruction, but, even if it had, it would not be reversible error, since it would be harmless because the jury found in favor of defendant on the issue of liability.

Accordingly, the judgment is affirmed.

SMITH, P. J., and GUNN, J., concur.

---

1. M.A.I. No. 34.01—Committee's General Comment " . . . In the event that evidence, rather than an issue, is sought to be withdrawn from the jury's consideration, care must be taken that such evidence does not also concern an issue still before the jury."