**HAAS BAKING COMPANY, Plaintiff-Appellant,**

v.

**Kenneth LUZIO, Defendant-Respondent.**

**No. 35500.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 23, 1974.

Alan J. Steinberg, Clayton, for plaintiff-appellant.

Ray E. White, Jr., St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Plaintiff, Haas Baking Company, appeals from the judgment entered by the Circuit Court of the City of St. Louis granting defendant's motion for a new trial. The order appealed from superseded a jury verdict corrected in open court awarding plaintiff damages in the amount of $629.38 and denying defendant relief on his counterclaim. For the reasons discussed herein, we reverse the judgment of the circuit court.

The controversy arose out of an automobile collision at approximately 3:20 A.M. in the morning which occurred between Sam Bommarito, then truck driver and employee of plaintiff, Haas Baking Company, and defendant, Kenneth Luzio. The accident occurred as Bommarito was leaving a Mansion House Center driveway nearly opposite Locust Street while Luzio was motoring north on Fourth Street proceeding from a stop sign. The record is not clear whether the latter made a rolling or a complete stop.

The jury was instructed that the "verdict must be for defendant on (his) counterclaim" if *inter alia* Bommarito failed to yield the right-of-way. The jury was further instructed on the usage of "right-of-way"; to wit: "a vehicle approaching on

the highway has the right to proceed ahead of the vehicle entering from the driveway."

At the trial when the jury returned its 9-3 verdict, the judge observed that the panel had neglected to word their verdict according to one of the three verdict forms given them. The words "plaintiff" and "defendant" were transposed, the jury finding in favor of defendant and assessing the amount of damages prayed for by plaintiff. In addition, the verdict contained a note referring to verdict form number one as the verdict they intended, and their handwritten verdict began "We, the under jurors" as opposed to "We, the undersigned jurors."

The judge immediately requested both counsel to approach the bench, offering to send the panel back or to have the foreman make the necessary correction in open court.

Counsel for plaintiff Haas assented, while counsel for defendant remained silent until after the foreman purportedly made the correction at which time he moved for a mistrial and requested that the jury be polled. Thereafter, the clerk again reread the verdict incorrectly, then again correctly—in favor of plaintiff with damages in the amount prayed by plaintiff.

The jury was then polled, after which defendant's counsel made his record and moved for a mistrial based upon confusion, which was denied. The same grounds *inter alia* were argued in defendant's motion for a new trial which the court granted.

Plaintiff, Haas Baking Company, assigns as error the trial court's ruling granting defendant a new trial on the following grounds, that (1) defendant's objection to the correction of the jury's verdict came too late; (2) portions of testimony regarding defendant's physical condition and resultant damages suffered were properly excluded; and (3) the jury properly decided the issue before it on the respective liability of plaintiff and defendant.

When, as here, a new trial is granted without the judge specifying the grounds therefore, error is presumed. The effect is that the burden of proving reversible error shifts from the appellant, bringing the appeal, to the respondent, to whom the new trial was granted, Rule 84.05, V.A.M.R.

Plaintiff Haas first argues that defendant's objection to the correction of the jury's verdict, as opposed to sending the jury back to the deliberation room, was not timely and hence, defendant will not be heard to complain.

It has not been argued or suggested that the judge abused his discretion in handling the problem. Indeed, it is within the court's power to amend or correct a verdict when all that is needed are slight changes in form to accord with the jury's conclusion actually reached. State v. Summers, 501 S.W.2d 548, 550 (Mo.App.1973) and Rule 78.01, V.A.M.R.

Even assuming *arguendo* that the court's action would have been improper, it would not have been reversible on this record. Both counsel were foreadvised; but the defendant made a general objection and did not properly state specific grounds for his claim of error. Silver v. Curtis, 490 S.W.2d 412, 415 (Mo.App.1973); McCormick, The Law of Evidence, 2d Ed. 1972, p. 115.

At the time of his initial general objection or motion for mistrial, counsel for defendant failed to insist upon a ruling or request any other or further relief except that the jury be polled. Such failure we can regard only as a waiver of this claimed error. The court in Benjamin v. Benjamin, 370 S.W.2d 639, 643 (Mo.App. 1963) noted:

". . . 'It is too well settled to require citation of authorities that a party will not be heard to complain of alleged error in which by his own con-

duct at the trial, he joined or acquiesced.' . . . "

 Counsel for defendant having waived the error and thus condoned the ruling, it follows that the claimed error is neither substantial nor reversible error. Moreover, the record was adequate to warrant the result reached.

Plaintiff next counters defendant's point that portions of testimony regarding defendant's physical condition for some time after the accident were properly excluded.

 However, we need not reach the issue of the propriety of excluding this particular evidence bearing on damages sustained by defendant in support of his counterclaim. The reason being that the jury's verdict, properly considered, found against the defendant Luzio on the issue of liability. The verdict denied his right to any relief, thereby precluding any consideration of the question of damages suffered by him. Gardner v. McGee, 505 S.W.2d 452 (Mo.1974); Jensen v. Walker, 496 S.W.2d 317 (Mo.App.1973); Robinson v. Richardson, 484 S.W.2d 27 (Mo.App.1972).

The third and last point of contention concerns whether the jury properly decided the issue of the respective liability between plaintiff and defendant.

 The issue of liability, that is which party was negligent, was a question of fact properly submitted to the jury. Having the opportunity to observe the demeanor and character of the various witnesses, to hear the testimony, and to view the exhibits and other demonstrative evidence, it is the province of the jury to decide on the credibility of the witnesses and the weight to attach to particular evidence.

 We further note that it was the defendant's own instruction on the plaintiff's negligence which was given to the jury. In this case there was sufficient evidence from which the jury could reasonably return the verdict it did.

It is our opinion that, on this record, no reversible error was proven and, accordingly, the cause is reversed with instructions to reinstate the verdict.

Judgment reversed with directions to reinstate verdict for plaintiff.

SMITH, P. J., and CLEMENS and GUNN, JJ., concur.