Terri Sue BROCK, a minor, by her next friend and mother, Joyce Lakas, and Joyce Lakas, Plaintiffs-Respondents,

v.

Mrs. Richard STEWARD, a/k/a Jean R. Steward, Defendant-Appellant.

No. 35071.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 4, 1975.

**366**

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Daniel T. Rabbitt, Jr., St. Louis, for defendant-appellant.

Steinger, Schaeffer & Schaeffer, Herbert D. Schaeffer, Clayton, for plaintiffs-respondents.

KELLY, Judge.

Appellant, the defendant in the trial court, brought this appeal from an order of the Circuit Court of St. Louis County granting the respondents, the plaintiffs in the trial court, a new trial following a jury verdict in behalf of the appellant and against the respondents. This litigation has its genesis in a pedestrian-automobile collision. Respondents, a 13-year old female child and her mother, filed their petition in two Counts. In Count I recovery was sought for personal injuries sustained by the child and in Count II the mother as the natural guardian of the child sought recovery for doctor, hospital and medical expenses she allegedly incurred as a direct result of the injuries sustained by the child as a result of the incident. We shall hereinafter refer to the parties to this appeal as plaintiffs and defendant, the status they occupied in the trial court.

Following the adverse jury verdict the plaintiffs filed a timely motion for new trial which was sustained on December 15, 1972, in an order of the trial court which did not specify the grounds for the ruling. This order is as follows: "Plaintiffs' motion for new trial is sustained." Thereafter, on December 21, 1972, defendant filed her notice of appeal from the order of December 15, 1972, sustaining plaintiffs' motion for new trial and simultaneously filed therewith an "Explanation of Appeal" stating, among other things, that "[t]he order of December 15, 1972 sustaining plaintiffs' motion for a new trial is an appealable order and the defendant states that said action on the part of the trial court was erroneous and contrary to the Missouri Rules of Civil Procedure, V.A.M.R., and in particular, Rule 78.01, and the judgment in favor of defendant should be reinstated." On December 26, 1972, pursuant to Rule 81.19, a letter from the defendant's attorney to the official court reporter requesting that the transcript on appeal be prepared was filed. Thereafter, on December 28, 1972, a court memorandum was filed which reads as fol-

lows: "On Plaintiffs' motion for new trial on the grounds of 6 and 7 of Plaintiffs' motion for new trial." On January 5, 1973, defendant, pursuant to the provisions of Rule 84.05(b) filed a statement requesting that the plaintiffs prepare and file the original brief on or before the time required for the filing of the original brief in the appeal. Plaintiffs filed the original brief in this cause in compliance with Rule 84.05(b).

Defendant, in her brief, contends that the Points raised in plaintiffs' brief are not properly before this Court for review because the trial court failed to specify any grounds in its order granting plaintiffs' motion for new trial as required by Rule 78.01 and pursuant to Rule 84.05 the order of the trial court is presumed erroneous and on appeal no discretionary grounds may be used in an attempt to justify the order of the trial court. She argues that the trial court had no jurisdiction to amend its original order sustaining plaintiffs' motion for new trial to state the grounds therefor. We agree.

Defendant takes the position that the order of December 28, 1972, purports to be an amendment of the trial court's order of December 15, 1972. From our vantage point, the record does not unequivocally support this position taken by the defendant because the order itself does not so read, nor was the order of December 15, 1972, amended by interlineation to conform thereto. Plaintiffs' have not favored us with a brief on this point but apparently concede that if the latter order was intended to be an amendment to the original order it was ineffective because they complied with the defendant's request that they file the first brief pursuant to the provisions of Rule 84.05(b). Assuming arguendo that the order of December 28, 1972, was intended by the trial court to be an amendment to the order of December 15, 1972, so as to bring him within compliance with the requirements of Rule 78.01 that every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted, we hold that it was ineffective for that purpose because he lacked jurisdiction over the cause at that time for the purpose of effecting such an amendment.

■ Once the defendant filed her notice of appeal the trial court lost jurisdiction of the cause for most purposes. On December 21, 1972, the defendant filed her notice of appeal with the Clerk of the Circuit Court of St. Louis County and deposited the docket fee with said Clerk. At that time, although the trial court was not thereby divested of jurisdiction over its records, or of the authority to exercise functions of a purely ministerial or executive character prior to the filing of the transcript on appeal in this Court, it did lose jurisdiction of the cause insofar as the exercise of any *judicial* functions are concerned. Herrick Motor Co. v. Fischer Oldsmobile Co., 421 S.W.2d 58, 62[2] (Mo.App.1967).

■ The purported amendment, it must be noted, does not pretend to be a nunc pro tunc order. While it has been held in Vaughn v. Kansas City Gas Co., 236 Mo.App. 669, 674, 159 S.W.2d 690, 693[5] (1942) that a trial court has jurisdiction to correct *nunc pro tunc* its order sustaining a motion for new trial "after an appeal has been perfected to this court," a nunc pro tunc order may be made only when it is supported by and based on some entry, minute or notation in the record or some paper on file in the case. Parole evidence may not be used to support such an order for to allow such entries to be made on facts resting in the memory of witnesses, or even the judge himself, and their statements as to what occurred would cause confusion and uncertainty and is not permitted. Clayton v. Holland Furnace Company, 300 S.W.2d 824, 826[3, 4] (Mo.App.1957). There is nothing in this record from which we can deduce that this attempted order is for the purpose of correcting any error resulting from clerical mistakes or mispri-

sions of the clerk of court. A nunc pro tunc order can never be invoked to correct a judicial misprision or oversight and we conclude that is what was attempted here. Farrell v. DeClue, 365 S.W.2d 68, 72[3] (Mo.App.1963). We hold that the court memorandum of December 28, 1972, was null and void.

Because of the failure of the trial court to comply with the requirements of Rule 78.01 the scope of our review is limited to the principles enumerated in Curtis v. Curtis, 491 S.W.2d 29, 32[3] (Mo.App. 1973), viz: (1) we may not indulge in any presumption that the new trial was granted on discretionary grounds, (2) we presume that the new trial was granted erroneously, (3) the burden is one the plaintiffs to demonstrate on the record that there was reversible error, and (4) in meeting that burden the plaintiffs are confined to the errors specified in their motion for new trial and their brief. Rule 84.05(b) and (c).

In this Court plaintiffs have briefed only three points: (1) prejudicial error in the reading of the defendant's deposition into evidence, (2) the verdict for the defendant is against the weight of the evidence, and (3) the discretion of the trial court in granting a new trial on the grounds that the verdict and the judgment are against the weight of the evidence is not to be disturbed except in case of a manifest abuse of discretion. None of these points preserve anything for review in this Court in view of the posture in which the case came here. Not a single one of these points was specified as grounds for sustaining the motion for new trial in the order of December 15, 1972. Each of these grounds is discretionary and an examination of the first point demonstrates that there was no error in the introduction into evidence of defendant's deposition. At trial, and prior to the reading of defendant's deposition into evidence, plaintiffs' counsel made the following objection: ". . . the deposition is merely a discovery procedure and was not intended to preserve all the testimony and that there were many questions not asked of the defendant in the deposition that would have been pertinent to this collision between the plaintiff and the defendant's vehicle." This objection was overruled and properly we conclude. In the motion for new trial, for the first time, plaintiffs contend that the error in allowing the deposition of the defendant to be read into evidence was because there was no evidence produced to show why the defendant could not be present for trial and that the deposition was read into evidence "over Plaintiffs' objection without a proper foundation being laid for the admission of the deposition." Plaintiffs have changed horses in midstream; nevertheless, the deposition itself established that the defendant at the time it was taken was in the process of moving her residence from Ashville, Ohio, to Phoenix, Arizona. Under these circumstances, the reading of the deposition of Mrs. Steward was authorized by Rule 57.-29(b)(1) and even had the objection, made for the first time in the motion for new trial, been made at trial, the court's ruling would have been proper.

Plaintiffs have failed to overcome the presumption that the new trial was erroneously granted and they have not carried the burden imposed upon them to demonstrate in this Court on the record that there was reversible error in the trial. We therefore reverse the order of the trial court granting plaintiffs a new trial and remand the cause with directions to set aside its order of December 15, 1972, sustaining plaintiffs' motion for new trial and to enter judgment in accord with the jury verdict in favor of defendant and against plaintiffs on both Count I and Count II of the plaintiffs' petition.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.