**Samuel B. WESTLAKE,
Plaintiff-Appellant,**

v.

**John Damian McNAMEE,
Defendant-Respondent.**

**No. 36404.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 17, 1976.

Marglous & Marglous, Clayton, for plaintiff-appellant.

James E. Godfrey, Inc., Samuel T. Vandover, St. Louis, for defendant-respondent.

NORWIN D. HOUSER, Special Judge.

Samuel B. Westlake sued John Damian McNamee for personal injuries and property damages arising out of an automobile collision on September 20, 1972, between the vehicles operated by plaintiff and defendant, based upon negligent failure to keep a lookout, sound a warning and yield the right of way, and excessive speed. McNamee filed a general denial, coupled with an affirmative plea of contributory negligence. The trial jury returned a verdict for defendant.

Westlake appeals from the ensuing judgment against him, posing the single question whether the court erred in its rulings when, during cross-examination of Westlake, counsel for defendant was permitted to elicit from Westlake facts surrounding the occurrence of two other automobile collisions involving Westlake, which occurred in March and July of 1972. Westlake contends that evidence of these other accidents, in which he testified he received no injuries, did not prove or tend to prove, even remotely, any issuable fact, and that under *Marrah v. J & R Motor Supply Co.*, 165 S.W.2d 271 (Mo.App.1942), the admission of the evidence was clearly erroneous and prejudicial. Westlake also contends that this evidence resulted in confusion of

the issues and caused him prejudice wholly disproportionate to the value and usefulness of the evidence, citing *Conley v. Kaney*, 250 S.W.2d 350 (Mo.1952), and complains that reference to these prior accidents was made by defense counsel in closing argument.

Assuming (but neither deciding nor intimating) that it was error to permit cross-examination and argument with respect to the two previous automobile collisions (in which Westlake testified that he suffered no personal injuries), we find no prejudice to the rights of the plaintiff for the reason that the error complained of touched the issue of damages only, an issue never reached by the jury, which found for McNamee on the issue of liability. The issue of liability, i. e., whether McNamee was negligent and whether Westlake was guilty of contributory negligence, a hotly contested issue, was determined against Westlake. We must accept the jury's verdict on this issue, *Gardner v. McGee*, 505 S.W.2d 452, 453 (Mo.App.1974), and having done so, it is elementary that the jury never got around to consideration of the other issue, namely, that of damages *vel non*. Since the cross-examination was offered and received on the issue of damages only, and the evidence related only to that issue and was not offered or considered on the question of liability, the error, if any, in its admission was harmless.

This principle has been applied in various situations, of which *Mead v. Grass*, 461 S.W.2d 708 (Mo.1971), is an example. In that case there was a defendant's verdict in a suit for personal injuries sustained by a 17-year-old male in a motorcycle-automobile collision. The court admitted in evidence a hospital record showing that plaintiff "had a couple of previous motorcycle type accidents which were not serious." Citing and quoting from *Boedeker v. Wright*, 312 S.W.2d 829, 833 (Mo.1958), the Supreme Court affirmed the judgment for defendant, pointing out that the claims of error related only to the issue of damages, not liability, and that the jury plainly found against the young man on the essential and prerequisite issue of liability, so that the jury never reached the issue of damages. In *Jensen v. Walker*, 496 S.W.2d 317 (Mo. App.1973), there was a verdict for defendant in a wife's suit for personal injuries and a husband's action for loss of consortium, and complaint was made that the court erred in refusing to permit the husband to testify as to recent complaints of back pain by wife within the last 30 days prior to trial. The court discounted this claim of error, saying l.c. 320: "Inasmuch as the jury ruled against wife and husband on the issue of liability, the jury did not reach the issue of damages, and wife and husband are not prejudiced by the trial court's ruling." And see *Gardner v. McGee*, 505 S.W.2d 452 (Mo.App.1974), and the cases of *Bullock Company, Inc. v. Allen*, 493 S.W.2d 5 (Mo. App.1973), and *Robinson v. Richardson*, 484 S.W.2d 27 (Mo.App.1972), cited therein, applying the same principle.

For these reasons the judgment is affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.