James W. HAMPTON and Hazel Hampton, his wife, Plaintiffs-Appellants,

v.

James W. TROUT and Jean Trout, his wife, Defendants-Respondents.

No. 10194.

Missouri Court of Appeals, Springfield District.

Oct. 8, 1976.

---

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for plaintiffs-appellants.

Joe C. Welborn, Briney, Welborn & Spain, Bloomfield, for defendants-respondents.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

1. A directed verdict eliminated defendant's wife as a party litigant and plaintiffs do not

TITUS, Judge.

Plaintiffs have appealed from a judgment entered on jury verdicts finding the issues in favor of defendant on both counts of a replevin petition for possession of a set of John Deere combine tracks, and damages.[1]

It is undisputed that the tracks were originally sold by a farm implement dealer in November 1972 and ever since that time had been in defendant's possession. Plaintiffs' theory was that the combine tracks (which they valued at $2000–$2500) were purchased from the dealer by Ora Trout, defendant's 77-year-old father; that on February 7, 1974, Ora sold the tracks to plaintiffs for $800 cash; and that on November 18, 1974, when plaintiffs first made demand for possession, defendant refused. To the contrary, Ora when asked if he had sold the tracks to plaintiffs, answered somewhat emphatically, "Hell, no." Defendant, claiming to be the sole owner of and entitled to possession of the tracks, produced into evidence his $2450 paid check he gave to the dealer when he bought the tracks in November 1972 and the bill of sale for the tracks which the dealer had delivered to him at the same time.

Plaintiffs raise three points on appeal. To paraphrase: (1) The trial court erred in permitting defendant's counsel to argue that Ora was "old and incompetent and did not know what he was doing . . . when he had dealings with the plaintiffs" because "there was no evidence to support this argument"; (2) the trial court erred in refusing to permit plaintiffs to prove loss of profits in their combine business by reason of defendant's wrongful detention of the tracks; and (3) the court erred in giving Instruction No. 3 because it constituted a deviation from MAI 33.13.

**(1)**

◼ We deny plaintiffs' first point for two reasons. First, because the assertion

here complain of the trial court's action in that regard.

therein contained is not true. Defense counsel did not argue that Ora was "old, incompetent and did not know what he was doing." Rather he said, when plaintiffs' lone objection to the argument was overruled: "There's bound to be some grave questions in your mind that you've got to resolve before you can bring in a verdict for the plaintiff [sic]. Number One, why, why would this old man sell a $2500.00 set of tracks for $800.00? Why would he do it? That's bound to be a grave question in your mind. Was somebody trying to take advantage of the old man?" The second reason the point is denied is that the present contention was not made in plaintiffs' motion for a new trial. When this occurs, nothing is preserved for appellate review. Rule 78.-07, V.A.M.R.; *Webb v. City of Clayton,* 494 S.W.2d 662, 664[5] (Mo.App.1973); *Missouri State Park Board v. McDaniel,* 473 S.W.2d 774, 781[4] (Mo.App.1971), 51 A.L.R.3d 1040, 1049[4].

### (2)

Inasmuch as the jury resolved the issue of possession to the combine tracks in favor of the defendant, any consideration of the alleged damages suffered by the plaintiffs became moot and precludes any necessity on our part to determine whether the trial court erred vel non in refusing to permit plaintiffs to prove loss of profits. The second point is, therefore, denied. *Haas Baking Company v. Luzio,* 512 S.W.2d 428, 431[7] (Mo.App.1974); *Jensen v. Walker,* 496 S.W.2d 317, 320[2] (Mo.App.1973).

### (3)

Defendant's single converse charge (Instruction No. 3) was: "Your verdict must be for defendant James W. Trout *on plaintiffs' claim* unless you believe each proposition submitted to you in Instruction No. 2." The italicized words are a deviation by addition to MAI 33.13. Instruction No. 2, plaintiffs' verdict director (Not in MAI), contained the words "on plaintiffs' claim," and we do not see how the jury could have been misled or the plaintiffs prejudiced by the inclusion of the phrase in Instruction

No. 3. Plaintiffs do not now claim any prejudice, only deviation. While not endorsing this type of careless practice, the court in *State Farm Mutual Automobile Ins. Co. v. Jessee,* 523 S.W.2d 832, 836[7] (Mo.App.1975), held that inclusion of the phrase "on plaintiff's claim for damages" in MAI 17.01 when there was no counterclaim as there was here, did not constitute reversible error. Point three is ruled against plaintiffs.

The judgment nisi is affirmed.

All concur.