J.H. REYNOLDS, et al., Appellants,

v.

BRIARWOOD DEVELOPMENT CO., INC., et al., Respondents.

Andrew BICKEL, et al., Appellants,

v.

BRIARWOOD DEVELOPMENT CO., INC., et al., Respondents.

Nos. 47100, 47101.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 20, 1983.

Robert C. Jones, Steven W. Koslovsky, Clayton, for appellants.

Joe A. Johnson, Imperial, for respondents.

CRANDALL, Judge.

Before us are two cases, consolidated for appeal, involving separate judgments arising out of identical facts. Plaintiffs, trustees of various retirement trusts, loaned funds to defendant Briarwood in return for several promissory notes, all personally guaranteed by co-defendant Alberta Dickman. Both cases were submitted based on a record consisting solely of a stipulation of facts and the pleadings. The trial court found both defendants liable for the full amount of principal, interest and attorney's fees, totaling $664,662.93 in the action brought by J.H. Reynolds, et al., and totaling $265,540.44 in the action brought by Andrew Bickel, et al.

The defendants filed motions for new trial which were granted by the trial court without specifying any basis therefor. This appeal ensues. We reverse and remand with directions to reinstate the judgments.

■ We first note the scope of our review. Where the trial court fails to specify reasons for ordering a new trial, we may not presume that the new trial was granted on discretionary grounds. Rule 84.05(c); *Dixon v. Bi-State Development Agency,* 636 S.W.2d 696 (Mo.App.1982). Instead, the trial court's action is presumed to be erroneous. Rule 84.05(b); *Haas Baking Co. v.*

*Luzio,* 512 S.W.2d 428, 430 (Mo.App.1974). In such a case, "the burden of proving reversible error shifts from the appellant, bringing the appeal, to the respondent, to whom the new trial was granted." *Luzio,* 512 S.W.2d at 430. In meeting that burden, respondents are confined to the errors specified in both their motion for new trial and their brief. *Brock v. Steward,* 519 S.W.2d 365, 368 (Mo.App.1975).

In their brief before this court, defendants allege only that the trial court properly granted a new trial because the judgments were not final in that the trial court failed to rule on defendant Briarwood's pleaded setoff. Briarwood, in its setoff, alleged that it should be credited for certain payments of interest and for the value of deeds of trust assigned to plaintiffs as collateral. No evidence was offered, by stipulation or otherwise, to prove the pleaded setoff.

■ It is firmly established that if a counterclaim is pleaded and submitted, a finding must be made disposing of the counterclaim, or else, the judgment is not final and appealable. *Bennett v. Wood,* 239 S.W.2d 325, 327–328 (Mo.1951); *L & L Leasing Co. v. Asher,* 440 S.W.2d 181, 182 (Mo.App.1969). We recognize an exception to that principle, however. A finding for plaintiff which necessarily carries with it a finding against a defendant, on defendant's counterclaim, will constitute a final judgment even though the counterclaim has not been expressly mentioned in the judgment. *Todd v. St. Ann's School Music Service, Inc.,* 585 S.W.2d 522, 524 (Mo.App.1979); *Commercial Nat. Bank v. White,* 254 S.W.2d 605, 609 (Mo.1953). In *White,* a judgment for plaintiff bank in an amount claimed to be due on a note necessarily disposed of defendant's counterclaim seeking restitution of the amounts paid by defendant on the note.

■ The instant case falls within this exception. The record indicates that Briarwood's counterclaim was specifically connected to and interrelated with plaintiffs'

claim for the payment of defendants' obligations under the promissory notes. Since this counterclaim arose out of the same transaction upon which plaintiffs base their claim, the final judgment entered by the trial court disposed of all issues. Thus, a finding in favor of plaintiffs necessarily included a finding against defendant on its counterclaim and resulted in a final judgment against both defendants. Granting a new trial on this ground is therefore erroneous.

The order granting a new trial is reversed and the cause remanded to the trial court with directions that it reinstate the judgments entered in favor of plaintiffs.

KAROHL, P.J., and REINHARD, J., concur.