Ronald W. NORMAN and Kay O'Brien, Appellants,

v.

Jerry D. LANDING and Virginia L. Landing, Respondents.

No. 48138.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 13, 1984.

Stanley Dale Williams, Union, for appellants.

John Brian Loveless, St. Clair, for respondents.

CRANDALL, Judge.

This appeal arises out of an action for conversion. Plaintiffs, Ronald Norman and Kay O'Brien, brought suit against defendants, Jerry and Virginia Landing, for conversion of certain items of personal property. A jury trial was held. At the close of plaintiffs' case, the court directed a verdict in favor of defendant Jerry Landing. The case then proceeded against defendant Virginia Landing. The jury returned a verdict in favor of Virginia Landing on the claim of Ronald Norman and a verdict against Virginia Landing on the claim of Kay O'Brien in the amount of $5,585. Ronald Norman, Kay O'Brien, and Virginia Landing filed motions for a new trial. Plaintiffs' motions were timely filed. Virginia Landing's motion was not timely filed. The trial court granted Virginia Landing's motion without specifying of record the ground or grounds

therefor. Plaintiffs appeal alleging trial court error (1) in sustaining defendant Virginia Landing's motion for new trial in that the court's order was presumptively erroneous; (2) in sustaining defendant Jerry Landing's motion for directed verdict; and (3) in excluding an exhibit from evidence, where the exhibit was offered in an attempt to show a demand for return of property. We reverse and remand in part and affirm in part.

Before considering the substantive issue raised in plaintiff's O'Brien's first point, it is necessary to address the issue of the timeliness of Virginia Landing's motion for new trial. The trial was concluded on October 11, 1983. The record in this case indicates Virginia Landing's motion for new trial was filed on October 31, 1983. On December 12, 1983, the trial court granted the motion and overruled plaintiffs' motions for new trial. On appeal, the legal file was supplemented to include a letter from Landing's counsel dated October 28, 1983, which states that he *mailed* his motion for new trial to the clerk of the circuit court on October 21, 1983, and which enclosed another copy of his motion. Plaintiff O'Brien does not concede the timely filing of the motion for new trial by defendant, but with commendable candor, acknowledges receipt of her copy of the motion on October 22, 1983. Defendant's brief does not address this issue.

The act of depositing the motion for a new trial in the mail does not constitute the filing of it. *Mirax Chemical Products Corp. v. Tarantola*, 268 S.W.2d 71, 73 (Mo.App.1954); *State ex rel. Alton R. Co. v. Public Service Commission*, 348 Mo. 780, 155 S.W.2d 149 (1941). The motion for new trial here, then, was not timely filed although it allegedly was mailed within the time limit.

The timeliness of defendant's motion for new trial is critical in this case because of the failure of the trial court to specify the ground or grounds for granting defendant's motion for new trial as required by Rule 75.01. Where the trial

court fails to specify reasons for granting a new trial, its action is presumed erroneous, and we may not presume that the new trial was granted on discretionary grounds. Rule 84.05(b) and Rule 84.05(c). The burden for supporting such action is shifted to the respondent. Rule 84.05(b); *Reynolds v. Briarwood Development Co.*, 662 S.W.2d 905, 906 (Mo.App.1983). "In meeting the burden, respondents are confined to the errors specified in both their motion for new trial and their brief." (Citations omitted.) *Reynolds,* 662 S.W.2d at 906.

If a respondent, in this case the defendant, is limited to errors specified in both the motion for new trial and the brief, it follows that the motion for new trial must be timely filed to be legally viable. Rule 78.04 requires that a motion for new trial be filed within fifteen days of the judgment on the jury verdict. The record before us does not meet this requirement. "A motion for new trial filed more than 15 days after the judgment was entered preserves nothing for appellate review." *Esry v. Esry,* 628 S.W.2d 700, 703 (Mo.App.1982).

We note that had the motion for new trial been overruled, defendant would have not been able to rely on the motion to preserve any allegations of error since the motion was not timely filed. There is no reason to allow defendant benefit of the untimely filed motion where the new trial was granted. We therefore hold that defendant has failed to overcome the presumption of error on the part of the trial court. In so holding, we do not decide the question of whether the trial court's action of setting aside the judgment more than thirty days after entry was void. *See* Rules 81.05(a) and 75.01; *Caldwell Paint Manufacturing Co. v. Lebeau,* 591 S.W.2d 1 (Mo.App.1979).

Turning to plaintiffs' remaining two points, no error of law appears. An extended opinion on those points would have no precedential value. The points are therefore denied pursuant to Rule 84.16(b).

The order of the trial court granting defendant Virginia Landing a new trial on the claim of plaintiff Kay O'Brien is re-versed and remanded with directions to reinstate the judgment. In all other respects, the judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.