Duane HYLTON and Jean Ann
Hylton, Appellants,

v.

Jack VAUGHT, d/b/a Jack Vaught
Roofing, Respondent.

No. WD 41649.

Missouri Court of Appeals,
Western District.

Nov. 28, 1989.

Harold L. Caskey, Butler, for appellants.

C.E. Weedman, Jr., Harrisonville, for respondent.

Before NUGENT, C.J., and
SHANGLER and FENNER, JJ.

PER CURIAM:

Plaintiffs Duane and Carol Jean Hylton appeal an order granting a new trial in favor of defendant Jack Vaught. We reverse and remand.

Plaintiffs Duane and Carol Hylton filed an action for damages alleging that defendant Jack Vaught improperly installed a roof on their residence. After trial on October 25, 1988, the court entered judgment for the plaintiffs in the amount of $6,310. Sustaining the defendant's post-trial motion on January 24, 1989, the court set aside the judgment and ordered a new trial. The court's order, however, failed to specify any ground for granting a new trial.

After bringing this appeal, plaintiffs requested the defendant to file the original appellate brief pursuant to Rule 84.05(b). On September 18, 1989, the defendant waived his right to file a brief and to present oral argument.

Every order allowing a new trial shall specify of record the ground or grounds on which the court granted the new trial. Rule 78.03. When the trial court fails to specify reasons for ordering a new trial, we may not presume that it granted the new trial on discretionary grounds. Rule 84.05(c) *Havrilla v. Millers Mutual Insurance Association of Illinois*, 724 S.W.2d 592, 593 (Mo.App.1986). Instead, the presumption arises that the trial court erred and the burden for supporting such action shifts to the respondent. Rule 84.05(b); *Norman v. Landing*, 681 S.W.2d 8, 9–10 (Mo.App.1984). In such event, at the appellant's request, the respondent must file the original brief. Rule 84.05(b); see *Quinn v. St. Louis Public Service Company*, 318 S.W.2d 316, 319 (Mo.1958).

Here, the trial court ordered a new trial without specifying grounds and the plaintiffs properly requested that defendant file the initial brief. By waiving his brief, the defendant failed to overcome the presump-

tion of trial court error. Therefore, that presumption stands.

We reverse the order granting the defendant a new trial and remand the cause with directions to reinstate the judgment entered in favor of the plaintiffs.