CHARLES L. DOBSON ET AL., Respondents, v. WILLARD E. WINNER, Appellant.

### Kansas City Court of Appeals, May 23, 1887.

1. PRACTICE—WHAT OBJECTIONS DEEMED WAIVED, ETC.—CONSTRUCTION OF SECTIONS 3515, 3519, REVISED STATUTES.—Under section 3519, Revised Statutes, when any of the matters enumerated in section 3515, Revised Statutes (giving causes for demurrer), do not appear upon the face of the petition, the objection may be taken by *answer*, and unless such objection is taken by demurrer or answer, defendant shall be deemed to have *waived* the same, *excepting* only the objection to the *jurisdiction* of the court over the subject matter of the action, and *excepting* the objection that the petition does not state facts sufficient to constitute a cause of action.

2. ——— PLEADING—CHANGING THE CAUSE OF ACTION—WHAT IS NOT. The allegations in a petition, that a certain over payment therein

alleged, was made by reason of the false and fraudulent representations of defendant, do not necessarily change the cause of action from *assumpsit* for money had and received, to an action *ex delicto* for fraud and deceit.

3.  PAYMENT OF MONEY UNDER MISTAKE—RIGHTS OF PARTY SO DOING. Where the charge is, as here, of a payment of money to defendant under a mistaken idea of what was his due, it is of no consequence whether this mistake was brought about by *fraudulent* or *innocent* representations made by defendant. Neither does the carelessness or alertness of plaintiffs alter the rights of the parties. The question is, whether the plaintiffs have paid money to defendant, by mistake, *which is not rightfully his;* if they have, their negligence in failing to ascertain the true state of affairs will not affect their rights.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

The case is stated in the opinion.

LATHROP & SMITH and BRYANT & HOLMES, for the appellant.

I.  The petition disclosed that the action is founded *in tort.* The gist of it is the alleged making of *false and fraudulent representations.* The representations are *several in their nature* and can give none other than a several action. These plaintiffs cannot *sue jointly.* The petition, therefore, states no cause of action. *Baker v. Jewell,* 6 Mass. 460, 461.

II.  The petition discloses no *partnership* relation between plaintiffs in the transaction upon which the action is based. No claim is made in the petition that said transaction was a *partnership matter* between plaintiffs, or that the money sought to be recovered is *partnership money.* The petition shows no *interest in common* of plaintiffs in or to the fund sought to be recovered. Hence it is *insufficient,* whether the action be *in tort or contract,* or *trover and conversion.* If it were the latter then there can be no *recovery at all*

*under the petition,* because the twelve hundred dollars in money is not specifically assigned. Sackett on Instructions to Juries, 405 and 406 ; *Petit v. Boujou,* 1 Mo. 64.

III. The petition shows on its face that the representations complained of consisted in defendant representing to plaintiffs, that they had *agreed to do* a certain thing. It does not state that the *representation* of price paid was different from the sum *actually* paid. There was, therefore, no *actionable* representation made by defendant, and the petition is insufficient. *Clark v. Ins. Co.,* 40 N. H. 233 ; *Schoonbacker v. Kiddie,* 12 Rep. 394.

IV. There is an entire *failure of proof* of the allegations set forth in the petition. The *cause of action* proved is not the one which would result from the facts stated in the petition, nor are the things proved by the evidence the allegations in said petition. The verdict should have been for the defendant. Rev. Stat., sects. 3511, 3702 ; *Newham v. Kenton,* 79 Mo. 382.

V. Plaintiffs could easily have ascertained the truth of such statement in the case at bar by inquiring from Green or Whitehead. They neglected to do so. They do not say that defendant did anything to dissuade them from making inquiry. They chose to trust to their own credulity and cannot be heard to complain. *Tuck v. Downing,* 76 Ill. 71, 84; *Medbury v. Watson,* 6 Met. 259, 260; *Capehart v. Mhoon,* 5 Jones' Eq. 178, 182 ; *Etheridge v. Vernoy,* 70 N. C. 724, 725 ; *Saunders v. Hatterman,* 2 Iredell Law, 32, 34 ; *Saunders v. Hatterman,* 37 Am. Dec. 404, 405, and cases cited ; *Clark v. Edgar,* 84 Mo. 106. The test is whether the deceitful means employed were, in themselves, calculated to impose upon a person exercising the ordinary prudence and circumspection which men usually bring to the management of their affairs. *Fagan v. Newson,* 1 Dev. [N. C.] Law, 21, 22 ; *Capehart v. M hoon,* 5 Jones' Eq. [N. C.] 178, 182.

VI. *The two instructions* given for plaintiffs are predicated upon the doctrine of contract. They contain no reference to *fraudulent representations* of defendant. The allegations *in the petition* on which recovery is sought are in the *nature of tort.* The case, therefore, presents what our supreme court has termed, "the spectacle of declaring on one cause of action and recovering on another. It is not simply a question of variance, which will be disregarded unless proper exceptions are taken, but of the very essence, and goes to the foundation, of the action ; such a cause of procedure is destructive of all certainty in pleading and cannot be tolerated." *Newham v. Kenton*, 79 Mo. 382, 385, 386 ; *Harris v. Railroad*, 37 Mo. 307, 309, 310 ; *Ensworth v. Barton*, 60 Mo. 511, 514 ; *Clements v. Yates*, 69 Mo. 623, 626 ; *Duncan v. Fisher*, 18 Mo. 403, 404, 405.

VII. The court should have given the instruction asked by defendant, in the nature of a demurrer to the evidence. Instruction numbered three asked by defendant presents the very issue upon which their petition rests. This is apparent. No citation of authorities is needed to prove that it should have been given. To prove that instructions numbered seven, eight, nine and fifteen asked by defendant, should have been given, we feel that we have already cited abundant authority under prior points in our brief, and which will readily be recognized.

KARNES & KRAUTHOFF and E. L. SCARRITT, for the respondents.

I. It is *too late* to raise, in this court, *for the first time*, the question that the action of plaintiffs is several, and not joint. It could only be raised, under our statute, by *demurrer or answer ;* otherwise, it is waived. Rev. Stat., p. 602, sects. 3515, 3519.

II. The *whole complaint* is, that the defendant misrepresented the amount of the *cash payment to be*

*made by the plaintiffs*, and not that he misrepresented the *amount of the consideration.*

III. The *instructions*, given at the instance of the respondents, told the jury, in substance, that, if the plaintiffs were original purchasers from the Kentucky parties, jointly with the appellant, and others, the *amount actually paid* to the owners should be taken as the basis of settlement between the parties to this suit, unless the jury believed, from the evidence, that it was agreed and understood that the respondents should pay at the rate of *twenty-five thousand dollars, instead* of the *actual purchase price.* Out of the numerous instructions asked by the appellant, the court gave three, *which fully covered his theory of the case,* and every theory that could be based upon the pleadings and evidence. All the instructions refused were either repetitions of, or included in, those given; or were upon theories totally at variance with the evidence of both parties.

IV. The naked fact that Dobson & Douglass paid to Winner that amount more than was due from them, if they were buying upon the same footing with Winner and Green, entitled plaintiffs to their money back, and, because they embodied in their petition the additional allegation that the statements of Winner, whereby he obtained the overplus, were false, and fraudulently made, *does not change the character of the action,* or require more proof on their part. Yet, notwithstanding this, the instructions given on the part of the defendant required the proof, on the plaintiffs' part, that the representations were false and fraudulent; so that the defendant was protected, to the fullest extent, by the instructions of the court—which must all be taken together—even upon his own theory, as to the nature of the action.

V. The authorities cited by appellant *are not in point.* The facts and the pleadings in the various cases cited by his counsel are in nowise similar to the case at bar.

VI. The *petition* is just such as our statute requires, and the court required even more *proof* than should have been required to entitle plaintiffs to recover. *Byxbie v. Wood*, 24 N. Y. 607; *Bank v. Wood*, 27 N. Y. 633; *Byard v. Holmes*, 37 N. J. Law, 119; Bliss on Code Plead., sect. 15; 2 Chitty's Contracts (11 Am. Ed.) 936, 938.

ELLISON, J.—The petition in this cause charges that the plaintiffs, Charles W. Whitehead and Thomas J. Green, at the request of defendant, entered into an agreement for the joint purchase of a tract of land, in Jackson county, Missouri, the purchase to be made by defendant, he transacting the business for the others. The plaintiffs were to take four-tenths of the tract, and the property was to be conveyed to Green, in trust for all the parties, in proportion to their respective interests; that the exact amount at which the property could be purchased was concealed by defendant from plaintiffs; that defendant purchased the property for the parties in interest for twenty-two thousand dollars, seven thousand dollars in cash, the balance in one, two, and three years; being seven hundred dollars cash for each tenth interest; but that defendant falsely and fraudulently represented to plaintiffs that he had paid twenty-five thousand dollars for the property, and that the amount of cash due on each tenth interest was one thousand dollars, making the amount due from plaintiffs four thousand dollars; that plaintiffs, relying upon these representations as being true, paid him the sum of four thousand dollars, which amount defendant used to pay the twenty-eight hundred dollars, actually due from them, and the remaining twelve hundred dollars on the fourteen hundred dollars, due on the two-tenths of himself and said Green.

Defendant's answer was a general denial. On trial, a verdict was rendered for plaintiffs, and defendant appeals.

It is objected by defendant that the petition shows no partnership relation between plaintiffs, and no joint interest in the subject-matter of the suit. With this view, defendant objected to the reception of any evidence, and demurred to the testimony, after it was received. If the point were tenable, it should have been taken advantage of by demurrer, or answer; otherwise, it is waived. Rev. Stat., sects. 3515, 3519.

Much of defendant's brief is devoted to the point that this action is *ex delicto*, for fraud and deceit, and that it is, therefore, not supported by the proof. We are not inclined to so regard it. The allegations in the petition, that the over-payment was made by reason of the false and fraudulent representations of defendant, do not, necessarily, change the cause of action from *assumpsit* for money had and received. This question was considered and decided by us, recently, in the cases of *Yeater et al. v. Hines* (24 Mo. App. 619), and *Richardson v. Palmer* (24 Mo. App. 480).

The contention that plaintiffs had the means of informing themselves of the true state of this transaction, and should have improved them; that, having eyes and ears, they should have brought them into requisition, is not applicable to this case. The charge here is the payment of money to defendant under a mistaken idea as to what was his due. Whether this mistake was brought about by fraudulent or innocent representations, made by defendant, is of no consequence. Neither does the carelessness or alertness of plaintiffs alter the rights of the parties. The question is, whether the plaintiffs have paid money to defendant by mistake, which is not rightfully his. If they have, their alleged negligence in failing to ascertain the true status of affairs will not affect their rights. This question was fully investigated in *Lyle v. Shinnebarger* (17 Mo. App. 66; 75).

The instructions for plaintiffs made no reference to the question of fraud, and put the issue to the jury in substantial compliance with the foregoing remarks.

Those given for defendant, especially number seventeen, gave him more upon which to go to the jury than he was entitled to, ûnder the views herein expressed. We do not feel justified in disturbing the verdict, and, therefore, affirm the judgment.    All concur.