**RALSTON PURINA COMPANY,**
Respondent,

v.

**Alfred RYDER, Appellant.**

**No. KCD 29794.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Andrew A. Krohn, Princeton, for appellant.

Gary L. Busker, Esely & Busker, Bethany, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Plaintiff sues to recover money paid to defendant by mistake. Pursuant to a jury verdict, the trial court entered judgment for plaintiff. Defendant appeals.

The plaintiff's evidence tended to show the following facts, which the jury obviously accepted. Jerry Russell, an employee of James Rebel, hauled soy beans owned by and on behalf of Consumer Oil to plaintiff's elevator on March 16, 1973. Through clerical error, a check in payment was sent by plaintiff to defendant instead of Consumer Oil to whom payment was in fact due. When the error was discovered, plaintiff demanded return of the payment. Defendant took the position that he had delivered soy beans to plaintiff and it was for his own soy beans that the check had been sent, and he therefore refused to make repayment.

For his Points on Appeal, defendant contends: (1) that the case was submitted to the jury on a theory different from that pleaded; and (2) that the court improperly admitted two exhibits. We find no merit in either point and therefore affirm.

■ With respect to defendant's first point, the petition alleges that plaintiff sent payment by mistake, that defendant was not entitled to the payment, that he nevertheless cashed the check, that plaintiff had made demand for repayment, but that defendant had refused. In addition to those allegations the petition also alleged: "That in view of the above it can be presumed that the defendant has converted the aforesaid sum to his own use." Defendant claims that the quoted allegation makes the cause of action pleaded one in conversion and that the court erred in submitting an instruction based on money had and received.

The sentence quoted is at most peripheral and could be disregarded as surplusage. More directly to the point, however, an allegation of conversion is not inconsistent with recovery for money had and received. *Koontz v. Whitaker,* 111 S.W.2d 197 (Mo. App.1937); *Dobson v. Winner,* 26 Mo.App. 329 (1887). Plaintiff's proof, unobjected to on the ground now belatedly urged, showed a cause of action for money had and received, did not depart from the petition, and was properly submitted to the jury. *Dob-*

*son v. Winner, supra; Hoefel v. Hoefel,* 533 S.W.2d 704 (Mo.App.1976); *Teachers Credit Union v. Olds,* 553 S.W.2d 545 (Mo.App. 1977).

With respect to defendant's second point, the exhibits in question are two weight tickets. Two of plaintiff's supervisory officials testified with respect to the procedures followed in the preparation of such weight tickets. On the arrival of a loaded truck, plaintiff's employee on duty would take information from the driver and make out a weight ticket such as Exhibits 4 and 5 here in question. These two exhibits were both marked with the stamped signature of William Schwab, who was on duty at plaintiff's elevator on March 16, 1973. Each ticket showed the driver of the delivering truck as "Jerry" and the seller as J. Rebel; and each showed that the soy beans were being delivered pursuant to Contract No. 7777. Contract No. 7777 was identified by plaintiff's supervisory personnel as having been entered into by plaintiff with Consumer Oil.

In addition to the information on the exhibits just stated, these exhibits also contained other markings which had been placed thereon at a later time or times. Plaintiff offered the exhibits without reference to the latter markings, and at the court's suggestion all those subsequent markings (except one) were obliterated by stickers. The single exception consisted of a line through the name and address of J. Rebel as seller, which appears on Exhibit 5; but the court explained to the jury that this line had been made at a time later than the original preparation of the weight ticket.

Defendant objects that these exhibits do not come within the business record exception to the hearsay rule for the reason that the documents were altered after their initial preparation and to that extent were not made in the regular course of business nor were they prepared at or close to the time of the event. It should be noted that the nonqualifying portions were blocked out and thereby effectively eliminated. It should be noted also that at the time the trial judge suggested this blocking out, he asked, "Any objection?", to which defend-

ant's counsel answered "No, your Honor. I still would object to No. 5 because of the crossing out of the line, which is not part of the record."

Then a colloquy took place about the line left on Exhibit 5, and the trial judge stated he would explain that mark through the seller's name and address was not on the exhibit as originally prepared. The court at that time asked if there was any objection to the proposed explanation. Defendant's counsel replied: "I object to the explanation but I renew my objection to the Exhibit." From this, it can be inferred that defendant was registering only a limited objection to only one of the two exhibits.

 If general objection to reliability of both exhibits may be said to have been preserved, their admission cannot be held reversibly erroneous. A record containing alteration generally speaking is not ruled out upon such grounds unless the irregularity is gross and palpable. 30 Am.Jur.2d, Evidence, Section 940, p. 63. Where the alterations are deleted, they do not obliterate the original entries, and the alterations are not considered as evidence, the document may be received in evidence under the business record rule. *United States v. J. C. Boespflug Construction Co.,* 325 F.2d 54, 62 (9th Cir. 1963). In any event, whether the document is so prepared and is sufficiently reliable as to justify its admission rests to very large extent for the trial court. Section 490.680, RSMo 1969; *Hicks v. Peniston,* 480 S.W.2d 522 (Mo.App.1972); *Fisher v. Gunn,* 270 S.W.2d 869 (Mo.1954).

 Defendant points to certain discrepancies with respect to these two exhibits, particularly the listing of Rebel as owner of the soy beans, and argues that in view of conflicts in the evidence, the jury obviously gave great weight to Exhibits 4 and 5, to defendant's prejudice. The weight to be given evidence and an appraisal of the discrepancies mentioned were matters for the jury, not an appellate court.

Affirmed.

All concur.