**Kenneth L. WALDRON,
Plaintiff-Respondent,**

v.

**Ronald RAGLAND,
Defendant-Appellant.**

**No. 51156.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 9, 1986.

Peggy Dean Richardson, Tipton, for defendant-appellant.

Kenneth L. Waldron, Jackson, for plaintiff-respondent.

KELLY, Judge.

This is an appeal from the award of attorney fees in favor of respondent, Ken-

neth Waldron. Appellant, Ronald Ragland, contends the trial court erred in admitting into evidence an itemized bill for services when there was no adequate foundation laid for the admissibility of the document. We disagree.

In July of 1984, appellant's ex-wife filed a petition for dissolution of marriage. On July 24, 1984, appellant signed an agreement to pay respondent a retainer fee of $270.00 and an additional sum of $60.00 per hour for attorney's fees while representing appellant in a dissolution action.

In September of 1984, appellant requested from respondent an estimation of the total amount of attorney fees for legal services rendered in the dissolution action. Respondent estimated that the total amount would range from $500.00 to $900.00. Appellant was not given an itemized statement of fees until he discharged respondent as his attorney in February of 1985.

Respondent filed a petition to collect for unpaid attorney fees which included an itemized statement. The record before us does not include the original petition nor the original itemized statement of fees. However, there is evidence from the transcript that the original itemized statement totalled approximately $1,300.00.

On September 13, 1985, respondent filed a First Amended Petition which included an amended itemized statement.

At trial, the amended statement was received into evidence as appellant's Exhibit No. 1 over the objection of appellant's counsel. Judgment was rendered on January 15, 1984, in respondent's favor in the sum of $800.00 plus court costs.

Appellant contends the trial court erred in admitting into evidence respondent's Exhibit No. 1 because it was hearsay in that: (1) the document was not prepared in the regular course of respondent's business; and (2) respondent failed to produce the original records and underlying data establishing the competency of the document.

We affirm the judgment of the trial court.‘

■■■ We deal first with appellant's argument that the trial court erred in admitting into evidence Exhibit No. 1 because it did not come within the hearsay exception as it was not prepared in the regular course of respondent's business. Appellant contends that the document was prepared for use in trial and was not part of the routine account records.

The Uniform Business Records Act, Section 490.680, RSMo provides:

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The trial court found that Exhibit No. 1 was prepared in respondent's regular course of business. Entries included a time description and charge for several letters written by respondent and several documented telephone conversations with appellant and ex-wife's attorney. The testimony of respondent shows when he compiled, reviewed and placed the entries into the computer and how he subsequently reviewed their accuracy.

Appellant contends that respondent reviewed and amended his original itemized statement of fees, and thus he prepared the document for use in trial. The transcript shows that the trial judge noted the minimal time difference between the two itemized statements, as Exhibit No. 1 included 22.6 hours of legal services rendered as compared to the original fee statement which included 21.8 hours.

The trial court is afforded large discretion in determining if a party has properly complied with § 490.680. *Snodgrass v. He-*

*adco Industries, Inc.,* 640 S.W.2d 147, 159 [17] (Mo.App.1982); *Ralston Purina Co. v. Ryder,* 573 S.W.2d 128, 129 [3] (Mo.App. 1978). We defer to the discretion of the trial court and rule this point against appellant.

Appellant next contends that the trial court erred in admitting Exhibit No. 1 into evidence because respondent failed to produce the original records and underlying data which supported the competency of the document.

■ It should be noted at the outset that the determination of reasonable attorney fees is a matter within the sound discretion of the trial court. *Wurtz v. Daniel Hamm Drayage Co.,* 530 S.W.2d 752, 755 [4] (Mo. App.1975). "The trial court is an expert on the issue of attorneys' fees and is given wide latitude in the allocation of fees and costs." *Mills v. Mills,* 663 S.W.2d 369, 374 [12] (Mo.App.1983).

■ It is clear from the record that the trial court had before it all the evidence presented in the dissolution action, and all the correspondence and motions which had been written on appellant's behalf. The trial court heard testimony from both the respondent and appellant, and had the best opportunity to assess reasonable attorney fees. Respondent's statement of attorney fees totalled $1,063.10, however, after weighing all the evidence, the trial court awarded respondent $800.00. The award was made by an experienced trial judge. The evidence in this case supports the amount of attorney fees awarded respondent by the trial court.

Respondent filed a "Motion to Dismiss Appeal Or, In the Alternative, for Damages for Frivolous Appeal." This alternative motion was taken with the case. We now deny said motion in the alternative.

Affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.