Anne M. **BROWN**, Plaintiff-Respondent,

v.

David **JONES**, Defendant-Appellant.

No. 52274.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1987.

Motion for Rehearing and/or Transfer Denied Aug. 18, 1987.

Application to Transfer Denied Sept. 15, 1987.

C. Clifford Schwartz, Clayton, for defendant-appellant.

George Heege, Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a judgment entered September 25, 1986 by the Honorable Arthur Litz, of the St. Louis County Circuit Court. The Court's judgment awarded respondent $498,524.25 and costs in a fraud action.

Plaintiff's husband, Ernest C. Brown, died on October 6, 1980, in an automobile accident. Plaintiff received a total of $530,247.74 insurance proceeds on policies which her husband had with American General Life Insurance Company. This amount was dispersed in three separate checks, with respective values of $481,-939.89, $23,238.19 and $25,069.66.

Plaintiff and her husband had been acquainted with the defendant for several years prior to the death of her husband. After plaintiff's husband died, defendant advised her to trust only him and to only take advice from him. They dated regularly and were intimate with one another. Defendant proposed marriage but they never married. Plaintiff further trusted and

confided in defendant and a confidential relationship existed between the parties.

Plaintiff and defendant spent the proceeds of the two lesser checks on themselves. Defendant managed the money and wrote checks on his account at Charter Bank of Webster Groves. Plaintiff made no claims with respect to these sums. The larger check was deposited into a variable annuity with American General Life Insurance Company. On April 27, 1981 the annuity was cashed and American General issued a check payable to plaintiff for $498.524.25. Plaintiff endorsed this check to defendant and the check was deposited into an account at Central West End Savings and Loan Association. This account had previously been opened by defendant with an initial deposit of $100.00.

Shortly after defendant received the money from plaintiff, the parties' relationship began to decline. Defendant's visits became fewer and he threatened to harm plaintiff and her children. Between June 30 and July 2, 1981, defendant withdrew $12,420.35 from the account. On July 28, 1981, plaintiff notified the bank of her equitable interest in the account. The following day she filed suit to recover the money. Defendant promised plaintiff he would return the money if she would dismiss the suit. On the same day the suit was filed, and over her attorney's objection, she dismissed her suit without prejudice.

On July 30, 1981, defendant withdrew $484,000.00 from the account and by October 2, 1981 the remainder of the account was withdrawn and the account was closed. The whereabouts of the withdrawn cash remains unknown.

On January 8, 1982, the action was filed in equity. On October 29, 1985, the cause was dismissed and plaintiff was granted 20 days to amend her pleadings and have the case transferred to the civil docket for a jury trial.

Appellant contends that when the case brought in equity was dismissed, plaintiff was barred by collateral estoppel from amending the petition and refiling the case in the circuit court. We find this argument to be without merit.

The doctrine of collateral estoppel precludes the same parties or those in privity from relitigating issues which have been previously litigated. *Nelson v. Missouri Division of Family Services,* 688 S.W.2d 28 (Mo.App.1985). The doctrine is only activated when four elements exist: (1) the issue decided in the prior litigation is identical with the issues in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the parties against whom collateral estoppel is asserted was a party or in privity with the party to the prior adjudication, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Lewis v. Barnes Hospital,* 685 S.W.2d 591, 594 (Mo.App. 1985). These elements are not present in this case.

The October 29, order was not a final judgment and did not bar the trial court from allowing the petition to be amended. When the trial court indicates in any way that a dismissal of a petition is not meant to be a dismissal of the plaintiff's action, the order does not dispose of the case and is not final. *Knight v. Keaton,* 660 S.W.2d 752, 753 (Mo.App.1983). Moreover, Rule 67.06 provides that "on sustaining a motion to dismiss a claim ... the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed."

Appellant further contends that when the case was dismissed in equity the court lost jurisdiction which prevented plaintiff from bringing an amended claim based on an action at law. We cannot agree.

To invoke the equitable powers of the court, a plaintiff must demonstrate that there is no adequate remedy at law. *Bradley v. McNeil,* 709 S.W.2d 153 (Mo.App. 1986). In its order, the trial court deter-

mined that the "plaintiff's evidence established claims at law" rather than equity. When a plaintiff fails to establish their right to equitable relief and only legal issues remain the cause becomes one of law. *American Pamcor, Inc. v. Kote,* 438 S.W.2d 287, 291 (Mo.App.1969). In this situation it was not error for the trial court to allow the petition to be amended and refiled at law.

Appellant's final contention is that the trial court erred by refusing to direct a verdict against plaintiff because the evidence did not establish as a matter of law intent of any fraudulent representation to the plaintiff. This contention is equally without merit.

Plaintiff's second amended petition was in two counts. Count one was in fraud and count two was in conversion. Judgment was entered in favor of defendant on count two.

■ To maintain an action in fraud, plaintiff must establish: a representation, its falsity, its materiality, a speaker's knowledge of the falsity, his intent that his statement should be acted upon by the other party and in the manner contemplated, that party's ignorance of the falsity, his reliance on its truth, his right to rely thereon, and his consequent injury. *Hohenstreet v. Sterling National Land Co.,* 706 S.W.2d 80 (Mo.App.1986).

■ Taking the evidence in the light most favorable to the plaintiff we find there was sufficient evidence for the trial court to find for the plaintiff on count one. The evidence indicates: (1) that appellant knowingly made false representations to plaintiff; (2) these representations were material; (3) plaintiff acted upon the representations and in the manner contemplated by appellant; (4) plaintiff was unaware of the falsity and relied on its truth; and (5) was injured as a result of the falsity.

We affirm the judgment of the trial court granting plaintiff $498,524.25 and costs. Appellant must also pay interest that has accrued while this case was on appeal.

Judgment of the trial court affirmed.

CRANDALL and KAROHL, JJ., concur.