BLUE CROSS HEALTH SERVICES,
INC., f/k/a Blue Cross Hospital
Services, Inc., Plaintiff/Appellant,

v.

William R. SAUER, R.T. Sauer Agency,
Ltd., a corporation and Robert Sauer,
Defendants/Respondents.

No. 57011.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1990.

Application to Transfer Denied
Jan. 9, 1991.

Martin J. Toft, III, Craig Nicholas
Schmid, St. Louis, for plaintiff/appellant.

Norton Y. Beilenson, Clayton, for defendants/respondents.

CARL R. GAERTNER, Presiding Judge.

Blue Cross Health Services, Inc. (Blue Cross) appeals from the order granting defendants R.T. Sauer Agency, Ltd., and Robert Sauer a new trial. We reverse and remand to the trial court with directions to reinstate the judgment.

William R. Sauer's medical, drug and alcohol problems since childhood left him "physically and mentally incapacitated." On June 6, 1984, William R. Sauer, upon admission to Missouri Baptist Hospital, informed the admission clerk he carried Blue Cross Health Insurance but did not have his Blue Cross card with him. He had been covered by Blue Cross from 1980 until March 1, 1984, when coverage was terminated for non-payment of premiums. His father, Robert T. Sauer, personally paid all of his son's Blue Cross premiums. At the time of admission, William R. Sauer gave his address as P.O. Box 176, Chesterfield, Missouri. This post office box was owned by and is the principal address of the R.T. Sauer Agency. Robert T. Sauer is the president, sole shareholder and director of the R.T. Sauer Agency which operates out of his home.

In 1984, Missouri Baptist Hospital Patient Accounts' Department had an on-line computer with Blue Cross. Although William had provided his middle initial on admission, a hospital employee, who later made a computer search for his Blue Cross certificate number, failed to transmit his middle initial. The computer noted coverage for a William J. Sauer of Milwaukee, Wisconsin. The clerk, apparently assuming a change of address for the subscriber, William J. Sauer, entered the address William R. Sauer had provided.

From July 27, 1984 through February 22, 1985, Blue Cross mistakenly mailed sixty-six checks to William Sauer at P.O. Box 176, Chesterfield, Missouri which were intended to cover medical services for William J. Sauer's child in Milwaukee, Wisconsin. Each check was mailed in a separate envelope which also contained a form entitled "Explanation of Benefits." Thirty-three of the checks, totalling $10,108.36, were endorsed by William R. Sauer's signature or signature stamp; twenty-eight checks, totalling $3,874.72, were endorsed by William R. Sauer and the R.T. Sauer Agency; three checks, totalling $1,267.20, were endorsed only by the R.T. Sauer Agency; and two checks, totalling $6,773.01, were endorsed by William R. Sauer and Robert T. Sauer. Checks endorsed by the R.T. Sauer Agency went into the corporate account. Checks with Robert T. Sauer's personal signature went into his personal account.

In March, 1985, Blue Cross discovered the mistake. A demand letter was sent to William R. Sauer on March 29, 1985. Although receipt of the letter was acknowledged by William R. Sauer on April 2, 1985, no repayment was forthcoming.

Blue Cross filed suit in equity against William R. Sauer and the R.T. Sauer Agency on May 14, 1985, praying that the court impose a constructive trust upon the funds of the defendants for the use and benefit of the plaintiff based on unjust enrichment and mistake. An interlocutory default judgment was entered against defendant William R. Sauer on May 24, 1988. By consent of the parties, Robert T. Sauer was added as a defendant in 1988. Defendants twice moved for a transfer of the case from an equity division to a law division and for a jury trial. Both motions were denied. After a non-jury trial the court ordered that Blue Cross recover $22,023.29 from defendant William R. Sauer of which $6,773.01 should be allocated as a joint and several obligation of defendants William R. Sauer and Robert T. Sauer, and $5,141.92 should be allocated as a joint and several obligation of defendants William R. Sauer and the R.T. Sauer Agency. Costs were to be shared by the defendants.

On July 12, 1989, the court sustained a motion filed by defendants Robert T. Sauer and R.T. Sauer Agency for a new trial and ordered the cause transferred from the equity docket to the civil docket. Later the court amended its order by adding "for the

reason that defendants were entitled to a trial by jury."

Blue Cross first contends that the trial court erred in failing to specify in its order the grounds for granting a new trial as required by Rule 78.03, and that the defect was not corrected by the subsequent amended order. Rule 78.03 requires the trial court to specify the ground or grounds upon which a new trial is granted. Failure to do so creates a presumption of error and imposes upon the party in whose favor the new trial was granted the burden of supporting such action. Rule 84.05(b). The obvious purpose of these rules is to protect the party appealing from an order granting a new trial from the necessity of showing an absence of merit in each assignment of error set forth in the motion. Rather, it is appropriate to require the beneficiary of the new trial to identify the specific issues which are relied upon to support the order. As a means of carrying out this purpose, Rule 84.05(b) authorizes an appellant to call upon the respondent to prepare and file the original brief on appeal. Blue Cross did not avail itself of this prerogative but proceeded as appellant to file its brief challenging the grant of the new trial for the reasons stated in the amended order. Relying on *Hightower v. Hightower*, 590 S.W.2d 99, 102 (Mo.App.1979) and *Farrell v. DeClue*, 365 S.W.2d 68, 72 (Mo.App. 1963), Blue Cross argues that the failure to specify grounds for granting a new trial is a judicial, not clerical, error and therefore not correctable by a *pro tunc* order. Accordingly, the argument continues, the original order which failed to specify the grounds upon which it was based was of no effect. We disagree.

Failure to comply with the mandate of Rule 78.03 does not render the order granting a new trial ineffective. Rather, it creates a rebuttable presumption of error and shifts the burden to the respondent to support the order. *Hylton v. Vaught*, 780 S.W.2d 367 (Mo.App.1989). Here Blue Cross has filed the first brief as appellant and has attacked the order granting the new trial upon the assumption it was based upon the single ground of defendants' entitlement to a trial by jury, an issue joined by defendants. Therefore, the purpose of narrowing the issues on appeal which underlies the procedures authorized by Rule 84.05(b) has been fulfilled.

Turning to the merits of the appeal, the theory alleged by Blue Cross in its petition is that the defendants were unjustly enriched by the retention of money paid to them inadvertently or by mistake. The petition prayed "that the court impose a constructive trust upon the funds of defendants for the use and benefit of plaintiff." It is axiomatic that an action seeking a form of relief obtainable only through a court of equity does not fall within the purview of the right to a trial by jury guaranteed by Art. I, § 22(a) of the Missouri Constitution. It is equally axiomatic that one who pleads and proves a cause of action cognizable at law, may not convert the matter into a non-jury proceeding in equity merely by seeking an equitable remedy to which the pleaded facts show no entitlement.

The remedy for unjust enrichment is restitution. Restatement, Restitution, § 1 at 12 (1937). A person who pays money to another by mistake is entitled to restitution from the payee or other beneficiary of the payment. *Id.* § 22 at 97. This is true even though the mistake is due solely to the payor's "lack of care," *id.* § 59 at 232, or "inadvertence", as well as where the payee shares in payor's mistake. *Id.* § 22, Comment a at 98; *Western Casualty & Surety Co. v. Kohm*, 638 S.W.2d 798, 801 (Mo.App.1982) citing *Dobson v. Winner*, 26 Mo.App. 329, 335 (1887). A person entitled to restitution can find a remedy in equity or at law depending upon the circumstances of the particular case. *Newco Land Co. v. Martin*, 358 Mo. 99, 213 S.W.2d 504, 509 (Mo.1948); *Farmers New World Life Ins. v. Jolley*, 747 S.W.2d 704, 705 (Mo.App.1988); Restatement, Restitution, § 4 at 17.

Imposition of a constructive trust as a remedy to prevent unjust enrichment is appropriate under certain limited circumstances. *Steele v. Cross*, 366 S.W.2d 434,

440–41 (Mo.1963). However, the very essence of the remedy of constructive trust is the identification of specific property or fund as the res upon which the trust may be attached. Bogart, *The Law of Trusts and Trustees 2d,* § 471 at 9 (1978). Blue Cross did not allege and the evidence did not establish any such identifiable property or fund. This court has held that an erroneous payment by an insurer does not create a trust fund or establish a trust relationship. *State Farm Mutual Auto Ins. Co. v. Sabourin,* 574 S.W.2d 8, 11 (Mo.App. 1978).

The appropriate action when one party has been unjustly enriched through the mistaken payment of money by the other party is an action at law for money had and received. *Nodaway County v. Kidder,* 344 Mo. 795, 129 S.W.2d 857, 861 (1939). Nothing in the record shows Blue Cross is entitled to anything more than a simple money judgment. To invoke equity jurisdiction the plaintiff must plead and prove there is no adequate remedy at law. *Brown v. Jones,* 735 S.W.2d 155, 157 (Mo.App.1987). Notwithstanding the fact Blue Cross prayed for the equitable remedy of a constructive trust, in the absence of any allegation of the existence of specific property or fund constituting the res upon which the trust might be imposed, its petition failed to invoke equity jurisdiction. It follows that the pre-trial motions seeking a jury trial were erroneously denied.

However, under the circumstances of this case, it does not follow that defendants are entitled to a new trial because of this error. The case was fully tried with ample opportunity for all parties to present evidence on all issues framed by the pleadings. Upon review of the entire record we are convinced that Blue Cross is entitled to restitution in the undisputed amount of the checks endorsed by the respective defendants as a matter of law. Had the case been tried to the jury Blue Cross would have been entitled to a directed verdict at the close of the evidence.

Generally, restitution will be ordered when a payment is made under a mistake of fact. *Western Casualty &* *Surety Co. v. Kohm,* 638 S.W.2d at 800 (Mo.App.1982). The payment by Blue Cross to defendants, rather than to William J. Sauer, was such a mistake of fact and no circumstances disclosed by the evidence would make it inequitable to require return of the payment. "It has long been accepted that a payor's lack of care will not diminish his right to recover, or somehow justify retention of the windfall by an unintended beneficiary." *Id.* at 801 (citing *Dobson v. Winner,* 26 Mo.App. 329, 335 (1887)). Thus, the affirmative defenses of contributory negligence or comparative fault alleged in a conclusory manner by defendants do not constitute a defense to the claim of Blue Cross.

As an additional affirmative defense, defendants allege, again in conclusory fashion without any allegation of fact, that they have so changed their position that it would be unjust to require restitution. The burden of proving a change in position warranting denial of restitution is upon the defendant. Restatement, Restitution, § 142, g Comment at 577. The record is utterly devoid of any evidence tending to show a change of circumstances or position. On appeal, defendant Robert T. Sauer asserts, for the first time, that because he was not joined as a party defendant in this action until three years after its commencement, the mere passage of time is enough to infer a change of position. However, as the owner, director, and president of R.T. Sauer Agency, which was served with process in this action less than three months after the last of the erroneously mailed checks was received, he can hardly claim to have acted to his detriment in ignorance of Blue Cross' demand for restitution or any good-faith belief of entitlement to the windfall. *See Western Casualty & Surety Co. v. Kohm,* 638 S.W.2d at 801.

As a final affirmative defense, defendants claim to be holders in due course. A holder in due course is one who takes an instrument for value, in good faith and without notice of infirmities or defenses. § 400.3–302 RSMo.1986. Defendants total-

ly failed to sustain their burden of proof regarding this affirmative defense. At one point Robert Sauer testified he thought the checks were in payment of a disputed claim with Blue Cross of Arkansas, a different and unrelated entity than plaintiff herein, regarding medical expenses of his son. However, he subsequently admitted that claim had been settled and he did not expect any further payment after the settlement. He acknowledged that he knew the Blue Cross coverage of his son had been terminated after he stopped paying for his son's coverage in March, 1984. Such evidence belies a contention of good faith in his retention of the checks.

▇▇ Defendants argue the "value" given in return for the checks was the antecedent debts owed them by William R. Sauer by reason of their payments for his earlier medical treatment. They predicate their argument upon § 400.3–303(b) RSMo. 1986: "A holder takes the instrument for value ... when he takes the instrument in payment of or as security for an antecedent claim against any person...." We perceive defendants' argument to be as follows: 1) the sixty-six checks were negotiable instruments, 2) they applied the checks against the debt William R. Sauer owed them for payments of his medical expenses incurred in past years, 3) because they used the checks as payment of an antecedent claim against any person, they gave value and became holders in due course, 4) therefore Blue Cross is precluded from asserting mistake as a defense.

▇▇ This argument fails under the facts and under the law. The trial court found that no indebtedness was created by reason of the payments of William R. Sauer's medical expenses by defendants but that such payments were "gratuitous". This finding is amply supported by the evidence. No business or personal records of any kind documenting the amount of the alleged indebtedness were kept. Although Robert Sauer estimated the total amount allegedly owed, this was based only upon a "running account in his head." He could not say in what years the alleged indebtedness accrued. He was unable to distinguish how much accrued before or after his son became twenty-one years of age. He never demanded or even discussed repayments of these amounts with his son. Such vague and uncertain testimony coupled with the absence of any documentation of indebtedness, *See Toomay v. Graham*, 151 S.W.2d 119, 125 (Mo.App.1941), is insufficient to overcome the presumption of gift from parent to son. *Firestone v. Yoffie*, 494 S.W.2d 394, 399 (Mo.App.1973); *St. Louis Trust Co. v. Randolph*, 136 Mo. 169, 37 S.W. 519, 520 (1896).

▇▇ Furthermore, by providing that payment of an antecedent claim against any person constitutes value, § 400.3–303(b) contemplates a claim in which the maker of the instrument has an interest or awareness. Defendants' argument would open the door for the finder of a lost check to unilaterally convert himself into a holder in due course merely by saying he will apply the check to an uncollectible debt owed to him by a third party. The "value" which renders the possessor of the instrument a holder thereof must have some meaning to the maker or transferor of the instrument. One can only take "for value" by giving in return something "of value" to the one from whom the instrument is taken.

In summary, Blue Cross sustained its burden of proving it was entitled to restitution of money paid by mistake. Each of the defenses asserted by defendants fails either because of the absence of any evidentiary support or because of failure to constitute a defense as a matter of law. The number and amounts of the checks are not disputed. Having thoroughly reviewed the record we find no disputed issue of fact which could be submitted to a jury for determination. "When the amount of damages is not in controversy and the defenses fail as a matter of law, the trial court may direct a verdict for the plaintiff." *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986).

After a full and fair hearing the court filed findings of fact which are amply supported by the evidence and conclusions which correctly declare and apply the law.

Nothing would be served by repeating what has already been concluded. Accordingly, the order granting a new trial is reversed and the cause is remanded with direction to reinstate the judgment.

STEPHAN and SIMEONE, JJ., concur.