861 S.W.2d 720 (1993)
Karen HALL, Plaintiff/Respondent,
v.
MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION and Edward Sadler, Defendants/Appellants.
No. 62087.
Missouri Court of Appeals, Eastern District, Division Four.
August 10, 1993.
Motion for Rehearing and/or Transfer Denied September 8, 1993.
Application to Transfer Denied October 26, 1993.
*721 Michael Ray Swafford, St. Louis, for defendants/appellants.
James F. Koester, St. Louis, for plaintiff/respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied September 8, 1993.
CRAHAN, Judge.
Defendants Missouri Highway and Transportation Commission ("MHTC") and Edward Sadler, an employee of MHTC ("Employee"), appeal from an order granting Karen Hall's ("Plaintiff") motion for a new trial in an action for wrongful death. We reverse and remand for reinstatement of the judgment in accordance with the jury's verdict in favor of Defendants.
Plaintiff brought an action for the wrongful death of her husband against MHTC and Employee under the sovereign immunity waiver statute. RSMo. 537.600.1(2) Cum. Supp.1990. Plaintiff alleged that Employee, a crew leader for MHTC, while acting as an agent, servant and employee of MHTC, negligently placed a barricade on Highway 94 and failed to in any way illuminate or make known the presence of the barricade in direct violation of specific orders of his superiors. Plaintiff's husband was killed when the car in which he was a passenger allegedly swerved to avoid the barricade.
The jury returned a verdict in favor of both MHTC and Employee. Plaintiff filed a motion for new trial. The trial court entered an order granting Plaintiff's motion but did not state the reason for granting the motion.
Rule 78.03 requires the trial court to specify the ground or grounds upon which a new trial is granted. Blue Cross Health Services v. Sauer, 800 S.W.2d 72, 75 (Mo. App.1990). The court's failure to do so creates a presumption of error and shifts the burden of proving reversible error from the appellant to the respondent in whose favor the new trial was granted. Rule 84.05(b); Reynolds v. Briarwood Development Co., 662 S.W.2d 905, 906 (Mo.App.1983).
The purpose of these rules is, inter alia, to define and limit the issues on appeal and to protect the party appealing the order granting a new trial from the necessity of showing an absence of merit in each assignment of error set forth in the motion for a new trial. Blue Cross Health Services, 800 S.W.2d at 75. It is appropriate to require the beneficiary of the new trial to identify the specific issues which are relied upon to support the order. Id. Accordingly, Rule 84.05(b) authorizes an appellant to call upon the respondent to prepare and file the original brief on appeal. Id. Here, MHTC and Employee filed their appeal and a motion for plaintiff/respondent to prepare the original brief pursuant to Rule 84.05(b).[1] We sustained the motion and required Plaintiff to file the first brief.
Plaintiff contends the allegations of error in her motion for new trial all deal with essentially one issue, defective verdict directing instructions, and therefore the trial court's ruling should not be presumed erroneous. There is no presumption that the trial court erroneously granted the motion for new trial when the motion for new trial actually asserts only one reason why the court should grant a new trial. Ray v. Bartolotta, 408 S.W.2d 838, 839-40 (Mo.1966). However, our review of the record discloses that Plaintiff asserted fourteen reasons in her motion why the court should grant a new trial. In addition to her allegations of instructional error, Plaintiff asserted, inter *722 alia, that the verdict was against the weight of the evidence. Therefore, Ray is not applicable and the trial court's order granting a new trial is presumed erroneous. Plaintiff must bear the burden of supporting the trial court's action.
Plaintiff raises two points of error in her brief. Both deal with the submission of verdict directing instructions. In separate points, Plaintiff asserts that it was reversible error for the trial court to submit verdict directing instructions 6 and 7, submitting MHTC's and Employee's liability, respectively. Specifically, Plaintiff contends that: 1) there were applicable MAI instructions; 2) MHTC and Employee submitted not-in-MAI instructions; and 3) these instructions submitted unnecessary and erroneous elements.
First, Plaintiff contends that she offered applicable MAI instructions. Rule 84.04(e) requires that if a point relates to the giving, refusal or modification of an instruction, such instruction must be set forth in full in the argument portion of the brief. Rule 84.04(e). Here, Plaintiff set out the instructions given by the court in her original brief, but neglected to set out her proposed instructions.[2] Consequently, the alleged error in refusing her instructions is not properly preserved for review.
Next, Plaintiff contends that the court erred in submitting not-in-MAI instructions. When there is an applicable MAI instruction its use is mandatory. Rule 70.02(b); Karnes v. Ray, 809 S.W.2d 738, 740 (Mo.App.1991). Rule 70.02(e), however, contemplates the frequent situations in which no MAI is applicable and provides for modification of an existing MAI or drafting of a not-in-MAI instruction. This court held in Nagy v. Highway and Transp. Com'n, 829 S.W.2d 648, 653 (Mo.App.1992) that MAI does not contain an appropriate pattern instruction for waiver of sovereign immunity and a verdict director may be based on the elements set out in § 537.600.[3] Additionally, there is no MAI dealing with tort claims against public employees. Therefore, it was not error for the trial court to submit not-in-MAI instructions.
Finally, Plaintiff contends that defendants' verdict directing instructions 6 and 7 submitted unnecessary and erroneous elements. Plaintiff did not object to the verdict directing instructions prior to submission. In fact, Plaintiff asked MHTC and Employee to stipulate that they would not object to their own instructions later:
MR. KOESTER: One other thing, can we stipulate then that you will not raise any objection to your own instructions.
MR. SWAFFORD: I am not going to object to my own instructions.
MR. KOESTER: Okay. You are waiving any objection to your own instruction.
MR. SWAFFORD: Yes.
Although Plaintiff need not object to submission of an instruction at the instruction conference, a failure to do so may be evidence of a lack of prejudice. Rule 70.03; Hudson v. Carr, 668 S.W.2d 68, 71-72 (Mo. banc 1984). Here, Plaintiff's affirmative action in eliciting a waiver by defendants' counsel clearly implied that Plaintiff believed these instructions were not prejudicial. Consequently, we question whether Plaintiff would be entitled to relief even if her objections to the instructions were specifically set forth in her motion for new trial. We do not, however, have to reach this issue because we find that Plaintiff's points were not preserved for review.
Rule 70.03 requires specific objections to instructions be made in motions for new trial unless they were previously made at trial. State ex rel. Hwy. Com'n v. Lynch Toyota, 830 S.W.2d 481, 488 (Mo.App.1992). The same is required by Rule 78.07. The requirements of these rules are designed to afford the trial court an opportunity to correct its errors without the delay and expense of an appeal; they are to be strictly enforced. Id. "If on appeal an alleged error relating to an instruction differs from or is not included in the specific objections made to and determined *723 by the trial court, it may not be reviewed by the appellate court." Id.
In her brief, Plaintiff contends (1) that instruction 6 submitted unnecessary and erroneous elements in the conjunctive, and (2) that instruction 7 submitted unnecessary and erroneous elements because it was not based upon § 537.600 and required the jury to determine whether Employee failed to comply with the procedures and customs of MHTC without evidence as to what those procedures and customs were. We find that Plaintiff did not specifically raise these issues in her motion for new trial.
In her brief, Plaintiff claims that these issues were preserved by the following contentions in her motion for new trial:
10. That defendant's purported verdict directing instruction increased plaintiff's burden of proof to the extent that plaintiff could not obtain a fair trial and jury verdict.
11. That defendant's verdict directing instruction erroneously attempted to submit the statutory language from RSMo 537.600 relative to sovereign immunity.
12. That M.A.I. nor Missouri instruction laws does not permit the submission of statutory language under the fact situation of this case particularly by reason of the fact that there was an applicable instruction on point. [sic].
13. That the statutory language submitted by the defendant relative to Missouri Statute 537.600 was not in effect and was not the law at the time plaintiff's claim for the death of her husband arose on March 9, 1985.
14. That defendant erroneously took advantage of the inapplicable language and argued to the jury that the state must have actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
None of these objections in the motion for new trial specifically raise the issues advanced on appeal. The objections do not even specify which defendant or which verdict directing instruction Plaintiff is complaining about. Paragraph 10 does not state which verdict directing instruction increased Plaintiff's burden of proof or, more importantly, how. It therefore preserves nothing for review. Paragraphs 11-12 do not identify any particular instruction and, in any event, complain only that it was error to submit statutory language from § 537.600 because there was an applicable MAI instruction. That point has been considered and rejected for the reasons set forth supra. The contention in Paragraph 13 was not pursued on appeal. Paragraph 14 refers to defendants' closing argument. Plaintiff did not object to defendants' closing argument and has not asserted any error with respect to closing argument in this appeal. Accordingly, we find that Plaintiff has failed to preserve any of the alleged errors in the instructions given by the court she now seeks to assert on appeal.
For the foregoing reasons, we find that Plaintiff has failed to carry her burden of proving reversible error which would support the court's granting of her motion for new trial. Accordingly, we reverse and remand for reinstatement of the judgment in accordance with the verdict.
CARL R. GAERTNER, P.J., and CRANE, J., concur.
NOTES
[1] Plaintiff asked the trial court to enter an amended order stating its grounds for granting a new trial. The trial court, however, entered its amended order after the notice of appeal had vested jurisdiction in this court. Consequently, the amended order had no effect.
[2] MHTC and Employee pointed this out in their brief. Plaintiff then set out her proposed instructions in her reply brief. Assignments of errors set forth for the first time in reply brief do not present issues for appellate review. Kramer v. Mason, 806 S.W.2d 131, 134 (Mo.App.1991).
[3] New MAI instructions 31.16 and 31.17 for use in submitting cases under § 537.600.1(2) RSMo. Cum.Supp.1990 were not effective at the time of trial. See MAI 31.16 and 31.17 [1992 New].